UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALIMA WITT,<br><br>   Plaintiff,<br><br>v.<br><br>LAZY ACRES, et al.,<br><br>   Defendant(s). | Case No.: 3:21-cv-00411-BAS-AGS<br><br>Hearing Date: May 24, 2021<br>Dept: 4B |

**PLAINTIFF SALIMA WITT'S OPPOSITION TO DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. RULE 12(b)(6)**

BARNES LAW
Robert E. Barnes, Esq. (SB# 235919)
700 S. Figueroa Street, Suite 1000
Los Angeles, CA 90017
Tel: (310) 510-6211
Email: robertbarnes@barneslawllp.com

Attorneys for Plaintiff SALIMA WITT.

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Salima Witt hereby files this Opposition To Defendant The Regents of the University of California's Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.C.P. Rule 12(b)(6) (the "Motion to Dismiss"). This Opposition to the Motion to Dismiss ("Opposition") is based upon the within Memorandum of Points and Authorities, any matters upon which judicial notice is requested to be taken, the files and records in this action, and upon such further oral and documentary evidence that may be received at the hearing on the Motion to Dismiss.

///

- i -

Case No. 3:21-cv-00411-BAS-AGS
Plaintiff's Opposition to Defendant The Regents of the University of California's Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.C.P. Rule 12(b)(6)

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ……………………………….....1

I.    INTRODUCTION …………………………………………………………….…1

II.   ARGUMENT ……………………………………………………………….....2

    1. The Complaint Pleads Facts Demonstrating That Ms. Witt Has A Disability Under The Acts …………………………………………………………………2

    2. The Complaint Sufficiently Pleads The Elements Of Discrimination Under The Acts …………………………………………………………………………..4

      A. The Moving Defendant Failed To Consider Any Accommodation Or Modification For Ms. Witt's Respiratory Disability, Much Less Provide A Reasonable One As Required By The Acts …………………………………4

      B. The Moving Defendant's No Exception Mask Rule, Is Directly Inconsistent With The Recommendations Of The CDC And CDPH ………………………8

    3. Ms. Witt Did Not Present A "Direct Threat" To Anything Or Anyone ………..9

    4. The Motion To Dismiss Fails To Demonstrate A Viable Legitimate Safety Requirement Defense …………………………………………………………11

III.  CONCLUSION ……………………………………………………………...12

CERTIFICATE OF SERVICE ………………………………………………………...13

- ii -

Case No. 3:21-cv-00411-BAS-AGS
Plaintiff's Opposition to Defendant The Regents of the University of California's Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.C.P. Rule 12(b)(6)

# TABLE OF AUTHORITIES

**Cases:**

*Anderson v. General Dynamics*, 589 F.2d 397 (9th Cir. 1978) ……………………………………..6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ………………………………………………………………3

*Bragdon v. Abbott,* 524 U.S. 624 (1993) …………………………………………………………..2, 3

*Buckingham v. United States*, 998 F.2d 735 (9th Cir.1993) ……………………………………….6

*C.L. v. Del Amo Hospital, Inc.,* 2019 WL 2879880 (C.D. Cal June 3, 2019) …………………..3

*Carolyn v. Orange Park Community Assn.* (2009) 177 Cal.App.4th 1090 ……………………..5

*City of Los Angeles v. AECOM Servs.*, 854 F.3d 1149 (9th Cir. 2017) ………………………..3

*De La Rosa v. Lewis Foods of 42nd Street, LLC*, 124 F.Supp.3d 290 (S.D. N.Y. 2015) ………5

*Di Lella v. University of Dist. of Columbia*, 570 F. Supp. 2d 1 (D.D.C. 2008) ………………..5

*Heilweil v. Mt. Sinai Hospital*, 32 F.3d 718 (2d Cir. 1994) ……………………………………….3

*Lima v. Middlesex Sherriff's Ofc.,* 2020 WL 823088 (D. Mass. Feb. 19, 2020) ………………..2

*Lockett v. Catalina Channel Exp., Inc.*, 496 F.3d 1061 (9th Cir. 2007) ……………………9, 10

*Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir.1985) …………………………………………….6

*Murtha v. New York State Gaming Commission* 2019 WL 4450687 …………………………..2

*Nugent v. Rogosin Inst.*, 105 F. Supp. 2d 106 (E.D.N.Y. 2000) …………………………………..2

*PGA Tour, Inc. v. Martin* 532 U.S. 661 (2001) ……………………………………………………5

*Peeples v. Clinical Support Inc.* 487 F.Supp.3d 56 (2020) ………………………………………..2

*Steger v. Franco, Inc.* 228 F.3d 889 (8th Cir. 2000) ……………………………………………….5

*Tamara v. El Camino Hospital*, 964 F.Supp.2d 1077 (N.D. Cal. 2013) ……………………….11

*Wong v. Regents of University of California* 192 F.3d 807 (9th Cir. 1999) ………………….5, 6

///

///

- iii -

Case No. 3:21-cv-00411-BAS-AGS
Plaintiff's Opposition to Defendant The Regents of the University of California's Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.C.P. Rule 12(b)(6)

**Statutes:**

United States Code:

- Title 29, § 794 …………………………………………………………………………2, 3
- Title 42, § 12101 …………………………………………………………………….2, 4
- Title 42, § 12182 ……………………………………………………………………….5

**Codes:**

Code of Federal Regulations:

- Title 28, § 36.301 …………………………………………………………………11, 12
- Title 29, § 41.31 ………………………………………………………………………..3
- Title 29, § 1630.2 ………………………………………………………………………2
- Title 45, § 84.3 …………………………………………………………………………2
- Title 45, Pt. 84, App. A ……………………………………………………………..2, 3

**Rules:**

Federal Rules of Civil Procedure:

- Rule 12(b)(6) …………………………………………………………………………...3

///

///

- iv -

Case No. 3:21-cv-00411-BAS-AGS
Plaintiff's Opposition to Defendant The Regents of the University of California's Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.C.P. Rule 12(b)(6)

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

The misunderstanding of the Americans With Disabilities Act exemplified in the Motion to Dismiss, is rivaled only by the derelict reading of Ms. Witt's complaint contained therein. Indeed, the contentions made in the Motion to Dismiss mirror the callousness to the rights of the disabled in America, demonstrated by the moving defendant in its treatment of Ms. Witt at the Jacobs Medical Center on November 10, 2020.

The Motion to Dismiss can be summed up in two contentions. First, Ms. Witt fails to plead a disability because she doesn't attach enough medical proof of such to her complaint. Second, the moving defendant didn't discriminate against Ms. Witt because she ultimately received the medical treatment she came there for on the day in question, albeit after being forced to wear a mask covering her nose and mouth causing her to choke and gasp for breath while she did. The first contention is simply not what's required at the pleading stage. The second contention is why legislation like the Americans With Disabilities Act is necessary. Otherwise oblivious institutions like the moving defendant, would continue to isolate and segregate persons with disabilities, with inflexible rules that effectively discourage people with respiratory disabilities from seeking medical care. When the alternative is being forced to undergo a traumatic experience mirroring suffocation as a precondition to receiving medical services, that would necessarily be the result of dismissing claims like Ms. Witt's. Needless to say, this is not, and cannot, be the standard by which we treat persons with disabilities. Denial of the Motion to Dismiss is the required outcome.

///

///

- 1 -

Case No. 3:21-cv-00411-BAS-AGS
Plaintiff's Opposition to Defendant The Regents of the University of California's Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.C.P. Rule 12(b)(6)

## II. ARGUMENT

**1. The Complaint Pleads Facts Demonstrating That Ms. Witt Has A Disability Under The Acts**

Asthma is a disability within the meaning of the Americans With Disabilities Act of 1990, codified by Congress in 42 U.S.C. §§ 12101 et seq. (the "ADA Act"). (*Nugent v. Rogosin Inst.*, 105 F. Supp. 2d 106, 112 (E.D.N.Y. 2000) ["there can be no dispute that asthma is a physical impairment as defined by the ADA, since it is a physiological disorder or condition which affects the respiratory system, one of the bodily systems listed in the statute"] (citing 29 C.F.R. § 1630.2(h)(1)]; *Peeples v. Clinical Support Inc.* 487 F.Supp.3d 56, 62-63 (2020) ["Plaintiff's moderate asthma, as described in the complaint, qualifies as an impairment."]; *Murtha v. New York State Gaming Commission* 2019 WL 4450687, at *9 ["In the instant case, Plaintiff's asthma qualifies as a physical impairment under the ADA"] *Lima v. Middlesex Sherriff's Ofc.,* Civil Action No. 19-11372-rgs, 2020 WL 823088, at *5 (D. Mass. Feb. 19, 2020) ["the allegations contained in [the] complaint would suffice to survive a motion to dismiss at this early stage of proceedings."].) Moreover, respiratory impairments arising from chemotherapy and other effects of cancer and autoimmune diseases generally, most certainly constitute disabilities within the meaning of the ADA Act. (*Bragdon v. Abbott,* 524 U.S. 624, 633-637 (1993) ("*Bragdon*") [U.S. Supreme Court holding that HIV infection was a disability within the meaning of the ADA Act, even where the individual was asymptomatic at the time, and holding: "…a representative list of disorders and conditions constituting physical impairments, includ[es] … cancer,"]; see also 45 C.F.R. Pt. 84, App. A.)

Under the Rehabilitation Act of 1973, set forth by 29 U.S.C. § 794 et seq. (the "Rehabilitation Act"), asthma is a physical impairment disability, because it is a physiological disorder or condition that affects the respiratory system. (45 C.F.R. § 84.3(j)(2)(i)(A); 28 C.F.R. §

- 2 -

41.31(b)(1)(i); 29 U.S.C. § 794; *Heilweil v. Mt. Sinai Hospital*, 32 F.3d 718, 723 (2d Cir. 1994) [finding asthma to be a physical impairment under the Rehabilitation Act].) As to respiratory impairments arising from cancer, they are disabilities within the meaning of the Rehabilitation Act as well. (*Bragdon, supra,* 524 U.S. at 633-637; 45 C.F.R. Pt. 84, App. A.)

The Motion to Dismiss contends that: "Plaintiff claims to suffer from asthma, but there are no facts plead or evidence attached to the Complaint which confirm this. [citing Complaint, pg. 2, ¶ 9]." (Motion 3:16-17.) As a threshold matter, the aforementioned contention betrays a misunderstanding of the standard for pleading. Ms. Witt is not at the trial stage in this case. She is not required to provide "evidence" that "confirms" her disability, as confirmed in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), cited in the Motion to Dismiss as the standard under F.R.C.P. Rule 12(b)(6): "When there are well-[]pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." (*Id,* at 664.)

Moreover, the Complaint more than sufficiently pleads facts to establish that Ms. Witt suffers from a disability. First, as the authority set forth above holds, the asthmatic condition pled by Ms. Witt constitutes a disability within the meaning of the Acts[1]. (See *supra,* at pg. 2 above.) Second, the Motion to Dismiss conveniently omits any discussion of Ms. Witt's separate and independent disability, which is her respiratory impairments arising from chemotherapy and other effects of her stage three cancer, which also constitutes its own disability under the Acts. (*Bragdon, supra,* 524 U.S. at 633-637; 45 C.F.R. Pt. 84, App. A.) Third and finally, the fact that Ms. Witt suffered a discernable injury as a direct result of being forced to wear a mask covering her nose and

---

[1] For purposes of this Court's analysis, and as stated in the Motion to Dismiss: "There is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act." *C.L. v. Del Amo Hospital, Inc.*, No. SA CV 18-00475, 2019 WL 2879880 (C.D. Cal June 3, 2019), quoting *City of Los Angeles v. AECOM Servs.*, 854 F.3d 1149, 1160 (9th Cir. 2017)." (Motion, 6:2-5; see also 29 U.S.C. § 794(d).) As such, the ADA Act and Rehabilitation Act are referred herein collectively as "the Acts".

- 3 -

mouth, is confirmed by the following allegations in the Complaint that are disingenuously omitted from discussion in the Motion to Dismiss as well: "While waiting in the lobby area to be called for her screening appointment, Plaintiff quickly was overcome with a strong choking sensation, and was forced to pull down the facial mask periodically, in order to avoid gasping for breath." (Complaint, pg. 6, ¶ 18.) The aforementioned allegations in the Complaint sufficiently allege a disability under the Acts.

**2.     The Complaint Sufficiently Pleads The Elements Of Discrimination Under The Acts**

The Motion to Dismiss next contends that the Complaint fails to sufficiently allege discrimination under the Acts, because Ms. Witt ultimately received medical treatment, and further because the moving defendant's mask rules were not discriminatory because they complied with the recommendations of the CDC and CDPH. (Motion 5:20-8:12.) The first contention captures the very "take-it-or-leave-it" attitude that anti-discrimination laws were meant to reform. The second contention is simply false, as the moving defendant's no-exception mask rules are directly inconsistent with the respiratory disability exemptions set forth in the recommendations of the CDC and CDPH.

**A.     The Moving Defendant Failed To Consider Any Accommodation Or Modification For Ms. Witt's Respiratory Disability, Much Less Provide A Reasonable One As Required By The Acts**

The concept of discrimination set forth in the ADA Act, is not restricted to obviously exclusionary conduct as the Motion to Dismiss would have this Court believe. No one in today's modern world will encounter a place of public accommodation brazen enough to post signs in open view stating "disabled persons not allowed". In light of this reality the Acts proscribe much more nuanced forms of discrimination, in order to effectively accomplish the objectives of the legislation in the real world. (42 U.S.C. § 12101(b)(1) ["It is the purpose of this chapter - … to provide a clear and comprehensive national mandate for the elimination of discrimination against

- 4 -

Case No. 3:21-cv-00411-BAS-AGS
Plaintiff's Opposition to Defendant The Regents of the University of California's Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.C.P. Rule 12(b)(6)

individuals with disabilities"].) As such, a robust body of case law holds that the Acts must be broadly construed in application. For example, in *Steger v. Franco, Inc.* 228 F.3d 889 (8th Cir. 2000) the court held: "the ADA is a remedial statute [citation], and should be broadly construed to effectuate its purpose." (*Id.,* at 894.) Similarly, in *Carolyn v. Orange Park Community Assn.* (2009) 177 Cal.App.4th 1090, 1098, the court held: "The ADA's "legislative history indicates [the public accommodation categories] 'should be construed liberally' to afford people with disabilities 'equal access' to the wide variety of establishments available to the nondisabled [citing *PGA Tour, Inc. v. Martin* 532 U.S. 661, 676-677 (2001)]." Finally, as set forth in *De La Rosa v. Lewis Foods of 42nd Street, LLC*, 124 F.Supp.3d 290, 294-295 (S.D. N.Y. 2015): "When there is an ambiguity about the ADA's scope, its 'broad remedial purpose' provides a compelling justification for an inclusive interpretation [citation]."

42 U.S.C. § 12182(b)(1)(A)(ii) states: "It shall be discriminatory to afford an individual …, on the basis of a disability or disabilities of such individual … with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." In *Di Lella v. University of Dist. of Columbia David A. Clarke School of Law*, 570 F. Supp. 2d 1, 8 (D.D.C. 2008), the court held that: "It is not sufficient to merely provide a qualified individual with any accommodation; the accommodation needs to address the limitation arising from the individual's disability." In addition, the 9th Circuit court in *Wong v. Regents of University of California* 192 F.3d 807 (9th Cir. 1999) ("*Wong*"), held as follows regarding the affirmative duty upon operators of public accommodations, to identify and provide those modifications to its services that are reasonably necessary to afford the full and equal enjoyment of them by disabled persons:

> "'mere[ ] speculat[ion] that a suggested accommodation is not feasible' falls short of the "reasonable accommodation" requirement; the Acts create 'a duty to 'gather sufficient information from the [disabled individual] and qualified experts as

- 5 -

needed to determine what accommodations are necessary to enable [the individual to meet the standards in question].'" (*Wong, supra.,* 192 F.3d at 818, citing *Buckingham v. United States*, 998 F.2d 735, 740 (9th Cir.1993) and quoting *Mantolete v. Bolger*, 767 F.2d 1416, 1423 (9th Cir.1985).)

Finally, in *Anderson v. General Dynamics*, 589 F.2d 397, 401 (9th Cir. 1978), the 9th Circuit held: "The burden was upon the [defendants], not [the plaintiff], to undertake initial steps toward accommodation. They cannot excuse their failure to accommodate by pointing to deficiencies, if any there were, in [defendant]'s suggested accommodation".

 Much of the argument in the Motion to Dismiss that Ms. Witt was not discriminated against, revolves around the contention that Ms. Witt decided to go on and enter the Jacobs Center with a mask on, and received her medical services: "Plaintiff's Complaint undisputedly states she was permitted to attend her appointment."; "There are no facts in the Complaint which establish Plaintiff suffers from a disability preventing her from wearing a mask, as she concedes she was capable of wearing one throughout her appointment." (Motion 6:11-14.) In essence, according to the moving defendant - no harm no foul. This callous stance toward the disabled is why the Acts were enacted in the first place. The decisions immediately above stand for the principle that a plaintiff's forced or reluctant acceptance of an unreasonable accommodation, does not transform the accommodation into a reasonable one.

 Ms. Witt's Complaint pleads facts more than adequately demonstrating that the moving defendant failed to even consider, much less provide, a reasonable accommodation or modification of its mask rule:

> "DOE 26 went on to tell Plaintiff that if she didn't put on a facial mask that covered her nose and mouth, she would not be allowed to enter the facility and would not be allowed to attend her cancer screening appointment. ¶ Desperate to make her medical appointment to screen for a potential escalation in her cancer condition, Plaintiff had no choice but to put on a facial mask that DOE 26 provided her, and enter the facility to await her screening." (Complaint, pg. 6, ¶¶ 18-19.)

In other words, Ms. Witt was given two, and only two, choices. Either put on a mask covering

- 6 -

your nose and mouth, or risk not discovering a return of your cancer. While moving defendant's counsel may believe there was no harm and no foul here, Congress when it enacted the Acts saw it otherwise.

The Motion to Dismiss also suggests that Ms. Witt was required to request a face shield, or attempt to wear one, as a precondition to stating a claim under the Acts:

> "There are no facts plead which state Plaintiff requested a face shield, or attempted to wear a face shield, and was denied" (Motion to Dismiss 6:16-17.); "In the current case, Defendant did not deny the Plaintiff the services of the hospital, and there are no facts that indicate she is not permitted back if an appropriate face covering, face shield included, is worn." (Motion to Dismiss 6:8-10.)

First, the above contentions in the Motion to Dismiss are false. The Complaint absolutely pleads facts that Ms. Witt requested a modification of the moving defendant's nose and mouth covering mask rule, and was summarily denied:

> "Plaintiff was told by said UCSDH employee/agent ("DOE 26"), that she had to wear a facial mask that covered her nose and mouth if she wanted to make her medical appointment that day, or she had to leave. **Plaintiff asked DOE 26 what accommodation UCSDH made for persons with her respiratory and breathing disabilities, and DOE 26 told Plaintiff there were none**." (emphasis added) (Complaint, pg. 7, ¶17.)

The Complaint equally pleads facts that Ms. Witt was not permitted entry on the day of her appointment, or any other day, without a mask covering her nose and mouth specifically:

> "**DOE 26 went on to tell Plaintiff that if she didn't put on a facial mask that covered her nose and mouth, she would not be allowed to enter the facility and would not be allowed to attend her cancer screening appointment** … On or about November 10, 2020 (the day of Plaintiff's disability discrimination at UCSDH), UCSDH had a COVID-19 mask wearing policy, that was made available to the public through its website … Said policy stated in relevant part: "UC San Diego Health requires patients, visitors and staff in our facilities to wear masks **that cover the nose and mouth**. … The UCSDH COVID Policy was adopted and enforced by UCSDH management and staff on November 10, 2020. As of the date this action was filed the UCSDH COVID Policy continues to be adopted and enforced as set forth herein." (emphasis added) (Complaint, pg. 7, ¶¶ 17 and 19, pg. 8, ¶19.)

In sum, the moving defendant's take-it-or-leave-it mask rule at the Jacobs Center

- 7 -

on November 20, 2020, that continues to this day, falls woefully short of providing any accommodation to persons with respiratory disabilities whatsoever, much less a reasonable one as required by the Acts. As such the fact that Ms. Witt elected to enter the Jacobs Center to receive potentially life-saving screening for remission of her cancer, and did so being forced to wear a mask that did in fact cause her to choke and gasp inside – does not preclude her claims under the Acts.

### B. The Moving Defendant's No Exception Mask Rule, Is Directly Inconsistent With The Recommendations Of The CDC And CDPH

The Motion to Dismiss further implies, that its claimed compliance with the recommendations of the CDC and CDPH regarding COVID-19 masking requirements, renders Ms. Witt's Complaint to fail to state a cause of action as a matter of law: "The hospital's policy to require all patients choosing to seek out medical attention in an acute care facility to wear a face covering was consistent with the recommendations of the CDPH, the CDC, and all applicable public health authorities." (Motion to Dismiss 9:16-19.)

This contention is false because the moving defendant **was not** in compliance with CDC or CDPH guidelines, which explicitly warn that persons with disabilities that preclude them from wearing a mask safely should be exempted from wearing facial masks. Specifically, the CDC recommends as follows: "While masks are strongly encouraged … CDC recognizes there are specific instances when wearing a mask may not be feasible. In these instances, adaptations and alternatives should be considered whenever possible." (Complaint, pg. 5, ¶14, see also Exhibit B attached to the Complaint); and "Masks should **not** be worn by: … someone who cannot wear a mask safely, such as someone who has a disability of an underlying medical condition that precludes wearing a mask. (emphasis original)" (Complaint, pg. 5, ¶14, see also Exhibit C attached to the Complaint).

- 8 -

Case No. 3:21-cv-00411-BAS-AGS
Plaintiff's Opposition to Defendant The Regents of the University of California's Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.C.P. Rule 12(b)(6)

As to the CDPH, it recommends in its memo on pandemic mask policies modeled after the CDC guidelines, that the following individuals are exempt from wearing face coverings at all times: "Persons with a medical condition, … or disability that prevents wearing a face covering. This includes persons with a medical condition for whom wearing a face covering could obstruct breathing or who are … incapacitated," (Complaint, pg. 6, ¶15, see also Exhibit F attached to the Complaint.) As such, the guidelines of the CDC and the CDPH, if anything provide further evidence that the moving defendant's bright line rule barring entry to any persons not wearing facial masks covering their nose and throat, was entirely unreasonable in violation of the Acts.

### 3.    Ms. Witt Did Not Present A "Direct Threat" To Anything Or Anyone

Contrary to the Motion to Dismiss' conclusory assertions otherwise, Ms. Witt's presence at the Jacobs Medical Center on November 10, 2020 did not constitute a direct threat sufficient to provide an affirmative defense to the benefit of the moving defendant here. As stated in the Motion to Dismiss, the standard for asserting the direct threat defense is high: "An entity asserting a "direct threat" as a basis for excluding an individual bears a heavy burden of demonstrating that the individual poses a significant risk to the health and safety of others. *Lockett v. Catalina Channel Exp., Inc.*, 496 F.3d at 1066." (Motion 9:8-11.)

Here, Ms. Witt presented no specific or observable condition, behavior or other indicia constituting a direct threat to the health and safety of others inside Jacobs Medical Center on November 10, 2020: "On or about November 10, 2020, Plaintiff walked into the Jacobs Medical Center. … Upon entering …, Plaintiff was not coughing, sneezing, sweating or otherwise displaying any symptoms of COVID-19 nor any other flue or cold-like symptom." (Complaint, pg. 6, ¶16.) Ms. Witt thus presented positively no objective symptoms of COVID-19, nor any other condition constituting a direct threat to anyone. As such the moving defendant was not obligated, as falsely contended in the Motion to Dismiss, to "accept [Ms. Witt's] assertion of a

- 9 -

disability absent any other information" (Motion to Dismiss 9:14-15.) Rather, the moving defendant's agent on the day in question, DOE 26, was obligated to do nothing other than open his or her eyes and observe Ms. Witt.

Furthermore, under Title III of the ADA Act, even if a disability exception to a mask policy is not feasible or would pose a direct threat, the business must nevertheless provide alternate means of providing access to goods and services. Alternative means of providing access should be the option of last, rather than first, resort, and not a substitute for consideration of a modification allowing direct access.[2] The authority cited in the Motion to Dismiss actually concedes this obligation in the context of the direct threat defense to a claim under the Acts: "A 'direct threat' means that "the significant risk cannot be eliminated by a modification of policies, practices, or procedures, or by the provision of auxiliary aids or services." *Lockett v. Catalina Channel Exp., Inc.*, 496 F.3d 1061, 1066 (9th Cir. 2007)." (Motion 8:22-25.)

Here, even assuming *arguendo* that Ms. Witt presented a direct threat to others inside the Jacobs Medical Center (despite displaying no objective symptoms supporting that speculation), the moving defendant was nevertheless required under the Acts to provide alternate means of accessing her cancer treatment. However as the Complaint alleges, and as not disputed in the Motion to Dismiss, Ms. Witt requested a modification of the moving defendant's nose and mouth covering mask rule, and was curtly denied. (Complaint, pg. 7, ¶¶ 17 and 19, pg. 8, ¶19; see generally, *supra*, at pg. 7 above.) Instead, the moving defendant offered Ms. Witt but one of two options: either wear a facial mask covering your nose and mouth or get out. As such, the moving defendant cannot escape liability under the direct threat doctrine under the undisputed facts presented here.

---

[2] https://www.justice.gov/crt/frequently-asked-questions-about-titles-ii-and-iii-ada

4. **<u>The Motion To Dismiss Fails To Demonstrate A Viable Legitimate Safety Requirement Defense</u>**

28 C.F.R. §36.301(b) provides that: "A public accommodation may impose legitimate safety requirements" that are necessary for safe operation." And that are "based on actual risks and not on mere speculation, stereotypes, or generalizations about individuals with disabilities." In addition, as held in *Tamara v. El Camino Hospital*, 964 F.Supp.2d 1077, 1085 (N.D. Cal. 2013): "speculations about the potential danger imposed …, without looking at the individual and his circumstances, were not enough to justify a blanket prohibition." (See also Motion to Dismiss, 10:6-10.)

Though the applicable authority above is cited in the Motion to Dismiss, the moving defendant failed to follow it in this case. Specifically, as pled in Ms. Witt's Complaint, the moving defendant's blanket rule barring all visitors from entering the Jacobs Center who weren't wearing a mask covering the nose and mouth, was entirely based upon speculation and generalizations that covering one's nose and mouth was the exclusive way to protect the safety of persons in hospital facilities from COVID-19. (See Complaint, pp. 7-8, ¶ 19.) That the moving defendant's no-exception mask rule was unreasonable, is explicitly proven by the recommendations of the CDC and CDPH discussed above, which warn that exemptions to mask wearing must be given to persons with respiratory disabilities, such as Ms. Witt. (See, *supra,* at pp. 8-9 above.) Moreover, it is rather ironic that the Motion to Dismiss contends that Ms. Witt's claims should be dismissed because she didn't attempt to enter the Jacobs Center with a face shield. Yet the moving defendant's mask rule explicitly stated (and still to this day states), that: "UC San Diego Health requires patients, visitors and staff in our facilities to wear **<u>masks that cover the nose and mouth</u>**." (emphasis added) (Complaint, pg. 7, ¶ 19, see also Exhibit G attached to the Complaint.) A rule that was curtly confirmed by the moving defendant's agent,

- 11 -

Case No. 3:21-cv-00411-BAS-AGS
Plaintiff's Opposition to Defendant The Regents of the University of California's Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.C.P. Rule 12(b)(6)

DOE 26, when Ms. Witt requested an accommodation for her respiratory disability. (Complaint, pp. 6-7, ¶17.)

As such, the moving defendant is not entitled to a legitimate safety defense under 28 C.F.R. §36.301(b). Ms. Witt's Complaint sufficiently pleads, as confirmed in the Motion to Dismiss, that the moving defendant enforced its no exception mask rule based upon speculation and generalizations concerning COVID-19 safety protocols, and not based on the recommendations of the CDC and CDPH. In addition, the Motion to Dismiss does not dispute that the moving defendant made absolutely no independent inquiry into the reasonableness of making an exemption or accommodation to its mask rule for persons with respiratory disabilities like Ms. Witt, as also required by the authority cited in the Motion to Dismiss itself.

### III.   CONCLUSION

For the reasons set forth above the Motion to Dismiss should be denied in its entirety. Alternatively, plaintiff requests leave to amend in the event this Court grants the Motion to Dismiss.

Respectfully submitted on May 10, 2021.

BARNES LAW

/s/ Robert E. Barnes
Robert E. Barnes
Attorney for Plaintiff
SALIMA WITT

Case No. 3:21-cv-00411-BAS-AGS
Plaintiff's Opposition to Defendant The Regents of the University of California's Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.C.P. Rule 12(b)(6)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALIMA WITT,<br><br>         Plaintiff,<br><br>   v.<br><br>LAZY ACRES, et al.,<br><br>         Defendant(s). | Case No.: 3:21-cv-00411-BAS-AGS<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, Robert Holzinger, am a citizen of the United States and am at least 18 years of age. My business address is 700 South Flower Street, Suite 1000, Los Angeles, California 90017.

I am not a party to the above titled action. I have caused service of: "**PLAINTIFF SALIMA WITT'S OPPOSITION TO DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. RULE 12(b)(6)**" on the following party(ies) by filing with the Clerk of the Court using the CM/ECF system, and that a courtesy copy was forwarded to the following attorney(s) of record by Electronic Notification:

                   Thomas M. Peabody, Esq.
                   Patrick S. Ludeman, Esq.
                  PEABODY & BUCCINI LLP
              527 Encinitas Blvd., Suite 100
                    Encinitas, CA 92024
             Email: tpeabody@pbllplaw.com
             Email: pludeman@pbllplaw.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 10, 2021.

                                                    /s/ Robert Holzinger