**PEABODY & BUCCINI LLP**
**THOMAS M. PEABODY, ESQ. (SBN: 178237)**
**PATRICK S. LUDEMAN, ESQ. (SBN: 261314)**
**527 Encinitas Blvd., Ste 100**
**Encinitas, CA 92024**
**Telephone No. (760) 652-3150**
**Facsimile No. (760) 652-3160**

**Attorneys for Defendants,**
**The Regents of the University of California**
[erroneously sued as UC San Diego Health and University of California Health]
(***Governmental Entities and Employees of Governmental Entity; No Filing Fee Required Pursuant to Gov. Code § 6103***

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SALIMA WITT,

Plaintiff,

vs.

LAZY ACRES; UC SAN DIEGO HEALTH; UNIVERSITY OF CALIFORNIA HEALTH; and DOES 1-50 inclusive.

Defendants.

CASE NO.: 21CV0411 BAS AGS

ASSIGNED FOR ALL PURPOSES TO:
CYNTHIA BASHANT
COURTROOM 4B

**DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. RULE 12(b)(6)**

Date: MAY 24, 2021
Dept: 4B

**PER CHAMBERS, NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**

Complaint Filed: 03/08/2021
Trial Date: NONE SET

## I. INTRODUCTION

Plaintiff, Salima Witt, in her opposition sets forth the absurd proposition that The Regents of the University of California, via the University of California, San Diego Jacobs Hospital and Medical Center intentionally discriminated against her by requiring patients and visitors to their acute care facility to comply with Federal, State, and Local COVID-19 mask requirements. Plaintiff has the audacity to suggest that Defendant discourages people with respiratory disabilities from seeking medical care. Plaintiff's complaint is apparent on its face as a sanctimonious attempt to use the ADA as a sword against a frontline hospital in the height of a global pandemic under the guise of championing for disability rights. The Court should not be persuaded by Plaintiff's attempt to force an acute care hospital to make snap judgments regarding every patient who walks through the door claiming they cannot wear a mask, at the direct risk to its healthcare workers, and other patients hoping to obtain safe access to healthcare without the unnecessary risk of infection from a deadly respiratory and airborne virus.

While Defendant acknowledges the limitations available to challenge the complaint when confined to the four-corners of the document, the information pleaded, and the defenses asserted, establish this is not a case of ADA discrimination and the intentions of Plaintiff are far from rooted in a desire to protect the rights of the "disabled". Plaintiff's complaints are misdirected at the moving defendant hospital, which is apparent by the odd decision to plead two lawsuits in one against two completely unrelated entities with little to no factual similarities.

Defendant's motion makes it clear that Plaintiff was not discriminated against, and Defendant has legitimate defenses for its actions pursuant to the federal, state, and local mandates set forth, as well as all of the available scientific information known at the time of the appointment at issue. Defendant's actions, if true as alleged by Plaintiff, were defensible under the direct threat and legitimate safety theories. The motion to dismiss should be granted.

**II. <u>PLAINTIFF DOES NOT ESTABLISH WITH FACTUAL PARTICULARITY THE ELEMENTS OF DISABILITY DISCRIMINATION TO SURVIVE A MOTION TO DISMISS</u>**

The importance of the substance of these allegations require the Court to reject the type of conclusory pleading present in Plaintiff's Complaint. To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the Plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that it has not alleged or that the defendants have violated the . . . law[] in ways that have not been alleged." *Assoc. Gen. Contractors of Cal., Inc., v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Plaintiff's Complaint makes conclusory allegations that she suffers from a disability which prevents her from complying with the mask rules of the hospital. Plaintiff fails to establish she was unable to comply with the mask policy due to her alleged disability, and in fact, pleads the opposite; that she was fully able to comply without injury. Plaintiff is seeking only injunctive relief in this case, and her

Complaint has not shown the necessary likelihood of success on the merits, or possibility of irreparable injury required. *Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.*, 762 F.2d 1374, 1376 (9th Cir. 1985), *quoting Apple Computer, Inc. v. Formula International, Inc.*, 725 F.2d 1374, 1376 (9th Cir. 1984). Plaintiff's complaint establishes that injunctive relief is inappropriate as she suffered no injury at all, with no likelihood of a future irreparable injury.

The only disability claimed by Plaintiff is one which the CDC has specifically stated is not one which prevents the usage of a mask. (See Complaint, Exhibit C, pg. 32). Defendant does not dispute that asthma can qualify for protection under the ADA, but the cases cited by Plaintiff on this issue are taken on a case-by-case basis due to the alleged severity of the asthma, and the discriminatory act at issue. None of which are applicable to the current matter. As Plaintiff has pleaded, it is not contraindicated for a person who allegedly has asthma to wear a mask, nor does Plaintiff plead she suffers from a respiratory issue that prevents her from wearing a mask. Plaintiff's complaint should be taken at face value that Plaintiff is not prevented from wearing a mask by her alleged asthma, but instead that she wished to not do so for her own personal comfort at the potential expense of all other patients and healthcare workers without justification.

It is not enough to simply plead the existence of a disability in a case with this type of allegation. Plaintiff's opposition fails to dispute the holding of *Pletcher v. Giant Eagle, Inc.*, No. 2:20-754, 2020 WL 6263916 (W.D. PA October 23, 2020), which stands as the primary case which has dealt with allegations of ADA discrimination relating to mask policies. Plaintiff is required to demonstrate a colorable factual basis that she actually suffers from a respiratory disability which prevents the wearing of a mask, which she has not done. There are simply no facts that demonstrate Plaintiff suffered from a medical condition that precluded her from wearing a mask, or could not wear one safely.

/ / /

Absent factual evidence of a true disability which prevents an individual from wearing a mask, and the mask policy is equally applied to all people, there can be no discrimination under the ADA. This is the circumstance as pleaded in this case with one key difference. The Plaintiff in *Pletcher* was actually denied the opportunity to shop in the grocery store and he was banned from the premises. In the current case, Defendant did not deny the Plaintiff the services of the hospital, and there are no facts that indicate she is not permitted back if an appropriate face covering, face shield included, is worn. By this measure, Plaintiff has an even weaker argument of ADA discrimination in this case than was present in *Pletcher*.

Plaintiff's opposition likewise fails to appreciate the public health concerns behind the mask rules. The precedent of *Jacobsen v. Massachusetts*, 197 U.S. 11 (1905) remains good law and recognizes that laws, orders, and regulations, protecting the public health "when endangered by the epidemics of disease" fall within the broad police power of the state. *Id*. at 35-25, 37. Defendant was complying with all federal, state, and local executive orders, emergency proclamations, and public health guidelines in its implantation of a mask policy at its acute care hospital. Plaintiff fails to establish a true case of disability discrimination, or likelihood of success, and the motion to dismiss should be granted.

## III. BOTH DEFENSES CITED BY DEFENDANT ARE APPLICABLE IN THE CURRENT CASE

Both the direct threat, and legitimate safety requirement defenses raised in Defendant's motion are valid and applicable. Further, the hospital's mask policy is not inconsistent with CDC guidelines, and in fact, is in accordance with them.

Plaintiff argues that because she was allegedly not demonstrating objective symptoms of COVID-19 she was therefore not a threat. This allegation has absolutely no basis in fact or science. As argued in Defendant's motion, by Plaintiff's own classification she was at higher risk of contracting COVID-19 and suffering from severe illness due her alleged asthma, kidney disease, and cancer

history. (Complaint, Exhibit D, Pg. 37; 40; 41). The California Department of Public Health's Mask Rules, on which Defendant relied, specifically acknowledge that "there is a large proportion of people who are infected but are asymptomatic or pre-symptomatic, and they play an important part in community spread."[1] As of May 3, 2021, the CDPH has updated its Mask Rules to adjust for the influx of vaccinated individuals, but it continues to note the risk of asymptomatic infection and transmission. The CDC has continued to share this concern that asymptomatic infection and spread is a significant concern. Plaintiff's argument requires a hospital security guard to make a decision about whether or not a patient needs to wear a mask to access a non-emergent appointment based solely on her representation that she is unable to. This is the epitome of what the direct threat and legitimate safety requirement defenses are based upon.

Plaintiff argues that because she was not objectively ill, she could not be classified as a direct threat making the defense outlined in 42 U.S. § 12182(b)(3) inapplicable. The science available at the time indicates that all individuals due to the global pandemic are a direct threat to the rest of the population as the virus can spread from asymptomatic people without objective symptoms. This is the nature of why the pandemic is so dangerous, because the threat is all around and is difficult to objectively observe absent sophisticated medical testing. Plaintiff's initial refusal to wear a mask, objective symptoms or not, posed a direct threat to the healthcare workers and other patients. The mask requirement is a legitimate safety requirement designed to neutralize the direct threat of the pandemic, exempting them from the accommodation requirement Plaintiff claims she was not offered.

Consistent with the Direct Threat defense, the Legitimate Safety Requirement was likewise applicable due to much of the same reasoning. Pursuant to 28 C.F.R. §

---

[1] https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/COVID-19/guidance-for-face-coverings.aspx

36.301(b), a public accommodation may impose legitimate safety requirements that are necessary for safe operation. Safety requirements must be based on actual risks, and not on mere speculation, stereotypes, or generalizations about individuals with disabilities. *Tamara v. El Camino Hospital*, 964 F.Supp.2d 1077, 1085 (N.D. Cal. 2013). The mask requirement was based on federal, state, and local rules and regulations and was not based on speculation or stereotype. A hospital has many immunocompromised and at-risk visitors and patients requiring neutrally applied safety requirements for as many individuals as possible. The objective data demonstrated the risk and threat. The Mask Rules were a neutral, and temporary, manner to protect the greatest portion of the population. Plaintiff did not plead any facts that indicated there were no alternatives for her appointment via telehealth, or virtual evaluations. If she required to be in the hospital for whatever reason, she was subject to the mask rules due to the legitimate safety requirements present.

Lastly, even as the mask rules are being relaxed all over the country and in varieties of businesses, one of the few areas which the CDC continues to recommend required mask rules is acute care hospital settings. [2] The CDC's most recent revisions of mask rules specifically state that their new recommendations apply to **non-healthcare settings**.[3] This further demonstrates the applicability of both the Direct Threat and Legitimate Safety Requirement defenses to Defendant if Plaintiff's allegations are accepted as true. Therefore, Plaintiff's claim is still subject to dismissal based on these defense theories and cannot survive amendment.

/ / /

/ / /

/ / /

/ / /

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/hcp/infection-control-after-vaccination.html

[3] https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html

## IV. CONCLUSION

For all the reasons set forth in Defendant's initial Motion to Dismiss, as well as the arguments set forth in this reply brief, Defendant, The Regents of the University of California respectfully requests this meritless Complaint be dismissed. To allow a lawsuit such as Plaintiff's to proceed flies in contravention to the intent behind the ADA as Plaintiff's motives are not based on disability rights, but her own selfish agenda.

DATED: May 17, 2021

PEABODY & BUCCINI LLP

By: ______________________

THOMAS M. PEABODY
PATRICK S. LUDEMAN
Attorneys for Defendant,
The Regents of the University of California