KIMBERELY M. TALLEY (SBN 146898)
  ktalley@constangy.com
STEVEN B. KATZ (SBN 139078)
  skatz@constangy.com
JOANNA E. MACMILLAN (SBN 281891)
  jmacmillan@constangy.com
LISA YUMI MITCHELL (SBN 311407)
  lmitchell@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
LOS ANGELES, CA 90067
Telephone: 310.909.7775
Facsimile: 424.465.6630

Attorneys for Defendant
BRISTOL FARMS

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALIMA WITT,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>BRISTOL FARMS, et al.<br><br>　　　　Defendants. | Case No. 3:21-cv-00411-BAS-AGS<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**<br><br>District Judge: Cynthia Bashant<br>Magistrate Judge: Andrew G. Schopler<br><br>Complaint Filed: March 8, 2021 |

# TABLE OF CONTENTS

PAGE

I.   SUMMARY OF MOTION ........................................................................................1

II.  LAZY ACRES'S MASK REQUIREMENT IN MAY 2020 WAS IMPOSED
     BY ORDER OF COUNTY HEALTH OFFICIALS ............................................................2

III. CDC GUIDELINES WHICH MS. WITT INCORPORATES INTO HER COMPLAINT
     CONTRADICT HER CLAIM THAT SHE IS UNABLE TO WEAR A FACE
     MASK BECAUSE SHE WAS DIAGNOSED WITH ASTHMA ...........................................4

IV.  MS. WITT'S CONTEMPORANEOUS PUBLIC STATEMENTS GIVE RISE TO AN
     INFERENCE THAT SHE CAN, IN FACT, WEAR A MASK WHEN NECESSARY .............6

V.   MS. WITT DOES NOT PLEAD A PLAUSIBLE CLAIM OF DISABILITY
     TO SUPPORT HER CAUSE OF ACTION AGAINST BRISTOL FARMS
     UNDER THE ADA ..................................................................................................7

VI.  CONCLUSION........................................................................................................11

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Arizona* ex rel. *Goddard v. Harkins Amusement Enters., Inc.*,
  603 F.3d 666 (9th Cir. 2010) ...................................................................................8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...........................................................................................8, 10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...........................................................................................8, 10

*Bragdon v. Abbott*,
  524 U.S. 624 (1998) ...................................................................................................8

*Forbes v. County of San Diego*,
  No. 20-cv-00998-BAS-JLB,
  2021 WL 843175 (S.D. Cal., March 4, 2021) ........................................................3

*Friedman v. Las Vegas Metro. Police Dep't*,
  No. 2:14-cv-0821-GMN-GWF,
  2014 WL 5472604 (D. Nev. Oct. 24, 2014) ...........................................................9

*Garcia v. Apple Seven Services San Diego, Inc.*,
  No. 20-CV-02385-BAS-MDD,
  2021 WL 3725921 (S.D. Cal., Aug. 20, 2021) .........................................4, 8, 10

*Garcia v. Pinnacle 1617, LLC*,
  No. 21-CV-00126-CAB-AGS,
  2021 WL 1963823 (S.D. Cal., May 17, 2021) .......................................................8

*Pletcher v. Giant Eagle Inc.*,
  No. CV 2:20-754,
  2020 WL 6263916 (W.D. Pa., Oct. 23, 2020) ..................................................10, 11

*Schutza v. Walter E. Fielder, Inc.*,
  2018 WL 8949784 (S.D. Cal., Oct. 18, 2018) ........................................................8

*Toyota Motor Mfg., Ky., Inc. v. Williams*,
  534 U.S. 184 (2002) ...................................................................................................9

*U.S. v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) ...................................................................................4

**Statutes**

42 U.S.C. § 12102(1)(A) ................................................................................................8

**Regulations**

29 C.F.R § 1630.2(j)(1)(ii)............................................................................................8

# I.
# SUMMARY OF MOTION.

Plaintiff Salima Witt alleges that due to her "respiratory disability" or "impairments" (Complaint [ECF 1], ¶¶ 9, 12, 22, 23, 25, 27, 28)—specifically "asthma" (*id.,* ¶¶ 9, 12)—she cannot wear a face mask. Doing so causes her "to have life threatening respiratory problems." (*Id.*, ¶ 9). But Centers for Disease Control (CDC) guidelines attached to, incorporated by reference, and quoted in her pleading (*id.*, ¶14) are very specific on this point: "If you have asthma, you *can* wear a mask." (*Id.*, Exh. C, p. 30 [emphasis added].)

In May 2020, Defendant Bristol Farms enforced—as ordered by County health officials—a policy requiring all customers in its Encinitas Lazy Acres grocery store to wear face masks to prevent the spread of COVID-19. (*Id.*, ¶ 13 & Exh. A.) When Ms. Witt was kicked out of the store in accord with this policy (and health regulations), her rights under the Americans with Disabilities Act (ADA) were not violated.

Her bare allegation of an asthma diagnosis cannot state a plausible claim she is disabled within the meaning of the ADA, given three facts, all cognizable on a pleading motion: (1) She relies on CDC guidance which directly contradicts her claim that an "asthma" diagnosis without more prevents her from wearing a mask. (2) She alleges nothing more to overcome this problem. (3) She made contemporaneous public statements (all available online and judicially noticeable) that contradict her claim she cannot wear a mask.

1

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

This Court should grant Bristol Farms's motion to and dismiss Ms. Witt claims against it without leave to amend.

## II.
### LAZY ACRES'S MASK REQUIREMENT IN MAY 2020 WAS IMPOSED BY ORDER OF COUNTY HEALTH OFFICIALS.

On May 26, Ms. Witt was asked to leave the Lazy Acres grocery store because she refused to wear a face mask. (Complaint, ¶¶ 10-12.) At that time, Lazy Acres required all customers (and employees) to wear masks in compliance with orders of County health officials.

On April 10, 2020,[1] County of San Diego Health and Human Services Agency issued an "Order of the Health Officer and Emergency Regulation" requiring all persons "to remain in their homes or at their place of residence" unless travelling to "essential businesses" or engaging in limited types of "outdoor activity." (Request for Judicial Notice ["RJN"] No. 1; Mitchell Decl., Exh. A, § 1.) "[G]rocery stores . . . [and] supermarkets" were considered "essential" under the Order. (*Id.*, § 17[a].) It provided that the state Department of Public Health's earlier "Face Covering Guidance" recommendation to "wear a cloth face covering when you must be in public for essential activities, such as shopping at the grocery store" (RJN No. 2; Mitchell Decl., Exh. B) "***shall be followed***." (RJN No. 1; Mitchell Decl., Exh. A, § 9 [emphasis added].) The Guidance was eventually superseded by the November 16

---
[1] All dates occurred in 2020, unless noted otherwise.

mask mandate incorporated into a successor of the Order and sustained against constitutional challenge by this Court in *Forbes v. County of San Diego*, No. 20-cv-00998-BAS-JLB, 2021 WL 843175 (S.D. Cal., March 4, 2021).

The Order required essential businesses to "prepare and post" and "implement" a "Social Distancing and Sanitation Protocol" "to ensure proper social distancing and sanitation" at the business. (RJN No. 1; Mitchell Decl., Exh. A, § 10.) Defendant Lazy Acres did so immediately, requiring that "[a]ll customers, vendors, and team members are required to wear face coverings when entering any Lazy Acres store." (Complaint, Exh. A.)

These provisions of the Order remained in place in successor orders effective on April 24, 27, and May 1, 8, 9, 10, 21, 22 and 27. (RJN Nos. 2-10; Mitchel Decl., Exhs. B-J, §§ 1, 9, 10.) Starting with the May 1 iteration of the Order, the mask mandated was strengthened: "All persons two years old or older who are present in the county shall have possession of a face covering [as described in the Guidance] . . . and shall wear that face covering whenever they are in a business."(RJN No. 4, § 9.) This requirement remained in place in successor orders. (RJN Nos. 5-10, Mitchell Decl., Exhs. E-J, § 9.)

# III.
## CDC GUIDELINES WHICH MS. WITT INCORPORATES INTO HER COMPLAINT CONTRADICT HER CLAIM THAT SHE IS UNABLE TO WEAR A FACE MASK BECAUSE SHE WAS DIAGNOSED WITH ASTHMA.

Ms. Witt primarily contends that her asthma diagnosis prevents her from wearing a face mask. (Complaint, ¶¶ 9, 12; *see also id.*, ¶¶ 9, 12, 22, 23, 25, 27, 28 ["respiratory disability" or "impairments"].) She also mentions she has cancer. (*Id.*, ¶ 14). Although she alleges federal Centers for Disease Control guidelines provided that "adults" with these conditions "should not" wear masks (*id.*), the guidelines—which she attaches to her pleading and expressly incorporates by reference[2]—say exactly the opposite:

First, they say that cancer patients "**are at increased** risk of severe illness from the virus that causes COVID-19," and moderate-to-serve asthma patients "**might be at an increased risk.**" (Complaint, Exh. D, pp. 34-35 [emphasis in original].). Second, they recommend that all persons "[w]ear masks":

- "Masks should be worn over the nose and mouth. Masks are especially important to help protect each other . . . when people are indoors." (*Id.*, p. 36).

---

[2] "[U]nder the 'incorporation by reference' doctrine, the Court can consider documents referenced in the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.' [*Citation omitted*.] When a document is so incorporated by reference into a complaint, 'the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Garcia v. Apple Seven Services San Diego, Inc.*, No. 20-CV-02385-BAS-MDD, 2021 WL 3725921, at *2 (S.D. Cal., Aug. 20, 2021) (*quoting U.S. v. Ritchie*, 342 F.3d 903, 907-08 [9th Cir. 2003].)

- "Wear masks in public settings when around people not living in your household and particularly where other social distancing measures are difficult to maintain, *such as grocery stores* . . . ." (Complaint, Exh. B, p. 22 [emphasis added].)

- "It is especially important to wear a mask when you are indoors with people you do not live with and when you are unable to stay at least 6 feet apart since COVID-19 spreads mainly among people who are in close contact with one another." (Complaint, Exh. C. p. 26.)

The guidelines suggest "[a]ctions you can take based on your medical conditions and other risk factors." For neither cancer, nor asthma, patients do the guidelines suggest foregoing wearing a mask. (Complaint, Exh. D, pp. 38-39.) To the contrary, they state: "If you have asthma, you *can* wear a mask." (Complaint, Exh. C, p. 30 [emphasis added].)

The guidelines do acknowledge that "[w]hile masks are strongly encouraged to reduce the spread of COVID-19, CDC recognizes there are specific instances when wearing a mask may not be feasible" (Complaint, Exh. B., p. 23; *see also* Exh. C, p. 26; Exh. E, p. 47), "such as someone who has a disability or an underlying medical condition that precludes wearing a mask." (Complaint, Exh. C, p. 30.) But Ms. Witt does not allege *any* facts to suggest why or how her conditions prevent her from wearing a mask.

## IV.
### MS. WITT'S CONTEMPORANEOUS PUBLIC STATEMENTS GIVE RISE TO AN INFERENCE THAT SHE CAN, IN FACT, WEAR A MASK WHEN NECESSARY.

Ms. Witt made multiple contemporaneous public statements—all subject to judicial notice as party admissions—which strongly suggest she cannot amend her pleading to cure its defects without running afoul of Rule 11:

Five weeks before the Lazy Acres incident (April 21), Ms. Witt appeared in a video posted on the Internet in which she admits "I'm free of cancer . . . my last CAT scan was just three weeks ago and that one was clear." (RJN No. 13.)

One month before the incident (April 27), Ms. Witt appeared in another video posted online in which she stated she "had a talk with [her] family" about "the importance of . . . wearing scarves or masks or whatever we had here at home if you're going out of the home." (RJN No. 15.) One week before the incident (May 20), she spoke at a "virtual town hall" for cancer survivors. (Mitchell Decl., ¶ 11 & Exh. Q.) She talked at length about the challenges of receiving care during the COVID-19 crisis. She said again that her cancer was in remission, and that she went for a screening the previous March "with masks and gloves." (RJN No. 17.) She urged fellow cancer survivors "to continue doing what's best for us in the midst of all this."

> "Weighing the risks/benefits ratio for me, yeah, it's a tough one. For me personally, I felt the need to go get it looked at. I had a large tumor. I am still not at the 5-year marker. I am still under strict surveillance so I felt that I was willing to take that risk. And I still feel that way now. I do. *With the proper, you know, with gloves and masks, and things that are asked*."  (*Id.* [emphasis added].)

6
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Five weeks before the incident (April 21), Ms. Witt appeared on a video posted on the Internet in which she describes her fitness routine: "So, yoga and meditation a couple days a week, swimming a couple days a week, weights a couple days a week." (RJN No. 12.)

These admissions contradict her allegation that her "respiratory impairments substantially limit one or more major life activities and/or major bodily functions, including but not limited to performing manual tasks, walking, speaking, breathing, concentrating and communicating." (Complaint, ¶ 9.)

## V.
### Ms. Witt Does Not Plead A Plausible Claim Of Disability To Support Her Cause Of Action Against Bristol Farms Under The ADA.

Ms. Witt alleges that Bristol Farms discriminated against her when she was kicked out of Lazy Acres in May 2020, in violation of Title III of the ADA. (Complaint, ¶¶ 20-28.) She fails to plead a facially plausible claim of such discrimination, and given her public statements, likely cannot amend to do so without violating Rule 11.

"The ADA prohibits discrimination that interferes with disabled individuals' 'full and equal enjoyment' of places of public accommodation. [*Citation omitted*.] Under the ADA, unlawful discrimination occurs when a disabled individual is subjected 'to a denial of the opportunity . . . to participate in or benefit from the . . .

accommodations of an entity.'" *Schutza v. Walter E. Fielder, Inc.*, No. 18-CV-0257-BAS-JMA, 2018 WL 8949784, at *3 (S.D. Cal., Oct. 18, 2018).

> "To prevail on a discrimination claim under Title III, a plaintiff must prove that (1) 'he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodation by the defendant because of his disability.'" (*Garcia v. Pinnacle 1617, LLC*, No. 21-CV-00126-CAB-AGS, 2021 WL 1963823, at *3 [S.D. Cal., May 17, 2021] [*quoting Arizona* ex rel. *Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010)]. *Accord, e.g., Apple Seven Services*, 2021 WL 3725921, at *3.)

A "[d]isability" is "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A).

While both asthma and cancer can be disabilities under the ADA, the mere diagnosis of either condition, without more, does not allege a violation of the ADA. "[N]ot every impairment . . . constitute[s] a disability within the meaning of the [ADA]." 29 C.F.R § 1630.2(j)(1)(ii). A disability must have "substantially limited the major life activity" in question. *Bragdon v. Abbott*, 524 U.S. 624, 631 (1998). To plead a facially plausible claim "that allows the court to draw the reasonable inference that" she is disabled within the meaning of ADA Title III (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 [2009] [*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 [2007]), and that she was denied accommodation "because of" her disability, *Ms. Witt must allege facts showing she could not wear a mask in May 2020*. She does not (and likely cannot).

8

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

First, her bare allegations she has cancer and asthma are not sufficient as a matter of law. "It is insufficient for individuals attempting to prove disability status under [the ADA] to merely submit evidence of a medical diagnosis of an impairment." *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 198 (2002) (superseded by statute on other grounds). *Accord, e.g.*, *Friedman v. Las Vegas Metro. Police Dep't*, No. 2:14-cv-0821-GMN-GWF, 2014 WL 5472604 at *3 (D. Nev. Oct. 24, 2014) (allegations of discrimination "'due to [Plaintiff's] disability' without identifying the nature, character, or degree of Plaintiff's impairment" insufficient under *Twombly*).

Second, the CDC guidelines that Ms. Witt expressly incorporates into her complaint contradict her claim she could not. To the contrary, they *recommend* that people with her medical conditions should wear masks to reduce the heightened risks that COVID-19 posed to them. With asthma, the guidelines were fulsome: "If you have asthma, you *can* wear a mask." (Complaint, Exh. C, p. 30 [emphasis added].)

Third, Ms. Witt made multiple public statements within a month of the incident at Lazy Acres that she, as a cancer survivor, was complying with COVID-19 protocols (including, specifically, masks), and encouraged other cancer survivors to do the same. Rather than support a "reasonable inference" that she could not wear a mask, these statements reasonably support the opposite inference.

At best, Ms. Witt's allegations of disability are "merely consistent with" having been unable to wear a mask, but "stop[] short of the line between possibility and

plausibility." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 556). They are simply "labels and conclusions" supporting "a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. This "will not do." *Id.* See *Apple Seven Services*, 2021 WL 3725921, at *2 (reviewing standard on motion to dismiss under Rule 12[b][6]).

In *Pletcher v. Giant Eagle Inc.*, No. CV 2:20-754, 2020 WL 6263916 (W.D. Pa., Oct. 23, 2020) (denying motion for preliminary injunction), the Western District of Pennsylvania held that a plaintiff was "not likely to succeed on the merits of his [ADA] claims" on a factual record eerily similar to the allegations in Ms. Witt's complaint, further showing she has not pleaded a plausible claim. In *Pletcher*, plaintiff filed an ADA claim after he was kicked out of a Giant Eagle grocery store in Oil City, Pennsylvania, alleging that due to mental health conditions he "cannot wear masks or cloth face coverings without experiencing severe anxiety, [and] difficulty breathing." *Id.* at *1, 4 (interpolation in original). Just as Ms. Witt alleges a bare diagnosis with no factual basis to conclude that she could not wear a mask, the plaintiff in *Pletcher* introduced evidence "that he has been diagnosed . . . with a series of mental impairments . . . . However, the record is devoid of any evidence that a medical professional has opined that he cannot wear a mask." *Id.* at *4. And just like Ms. Witt, the "statements in his declaration and the medical records are undermined by the numerous inconsistent statements he made in social media posts and on the video wherein he says that he is able to wear a mask . . . ." *Id.*

## VI.
### CONCLUSION.

For the foregoing reasons, Bristol Farms respectfully requests this Court grant its motion and dismiss Ms. Witt's complaint against it without further leave to amend.

Dated:  September 24, 2021        **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

By: /s/ Steven B. Katz
    Kimberly M. Talley, Esq.
    Steven B. Katz, Esq.
    Joanna E. MacMillan, Esq.
    Lisa Yumi Mitchell, Esq.
    Attorneys for Defendant
    BRISTOL FARMS

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2021, the foregoing document was served on counsel by filing via the CM/ECF system, which will send an email notice to registered parties.

Dated:  September 24, 2021

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

By: /s/ Steven B. Katz
 Kimberly M. Talley, Esq.
 Steven B. Katz, Esq.
 Joanna E. MacMillan, Esq.
 Lisa Yumi Mitchell, Esq.
 Attorneys for Defendant
 BRISTOL FARMS