UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALIMA WITT,<br><br>                          Plaintiff,<br><br>   v.<br><br>BRISTOL FARMS, *et al.*,<br><br>                          Defendants. | Case No. 21-cv-00411-BAS-AGS<br><br>**ORDER DENYING PLAINTIFF'S** ***ex parte*** **APPLICATION FOR ORDER DIRECTING ENTRY OF FINAL JUDGMENT (ECF No. 21)** |

**I.    BACKGROUND**

Plaintiff Salima Witt ("Witt") sued Defendants UC San Diego Health, University of California Health (together, "Regents of the University of California"), and Bristol Farms, raising claims under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973. (Compl., ECF No. 1.) Witt alleges that Defendants discriminated against her by denying her request to be exempted from their policies requiring everyone entering the facilities to wear facial masks to prevent the spread of COVID-19. (*Id.*)

On November 9, 2021, the Court granted Regents of the University of California's Rule 12(b)(6) motion to dismiss. (ECF No. 15.) Defendant Bristol Farm's Rule 12(b)(6) motion remains pending before the Court. (ECF No. 12.) Witt appealed the Court's

November 9 Order, and the Ninth Circuit ordered Witt to show cause why the appeal should not be dismissed for lack of jurisdiction. (ECF No. 19.)

On December 29, 2021, Witt filed the present *ex parte* application for entry of judgment under Rule 54(b), arguing that her claims against Regents of the University of California are separate and distinct from her remaining ADA claim against Bristol Farms. (ECF No. 21.) Defendant Bristol Farms opposes the application. (ECF No. 22.) The Court finds Witt's *ex parte* application suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1).

**II.  ANALYSIS**

Federal Rule of Civil Procedure 54(b) provides that

> [w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). Any entry of judgment under Rule 54(b) must be supported by specific findings, which "should include a determination whether, upon any review of the judgment entered under the rule, the appellate court will be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court." *Id.* "A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule." *Id.*

Here, Witt's Complaint raises claims under Title III of the ADA against both Bristol Farms ("Count One") and Regents of the University of California ("Count Two"). Both claims require the Court to resolve whether Witt is disabled within the meaning of the

ADA, whether she was denied public accommodations because of her disability, and whether any statutory defenses such as the direct threat defense applies. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. § 12182(a)–(b)); *Lockett v. Catalina Channel Exp., Inc.*, 496 F.3d 1061, 1066 (9th Cir. 2007) (direct threat defense). In sum, Witt's remaining claim against Bristol Farms presents legal issues similar to that raised by her claims against Regents of the University of California. Thus, were the Court to enter a separate judgment, and Witt be allowed to pursue discrete appeals as to each Defendant, the Ninth Circuit would be asked to resolve overlapping legal issues twice. Therefore, the Court does not find good cause to enter a separate judgment judgment under Rule 54(b).

### III.  CONCLUSION

For the reasons stated above, the Court **DENIES** Witt's *ex parte* application.

**IT IS SO ORDERED.**

**DATED: January 3, 2022**

Hon. Cynthia Bashant
United States District Judge