1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

SALIMA WITT,

　　　　　　　　　　Plaintiff,

　　v.

BRISTOL FARMS,

　　　　　　　　　　Defendant.

Case No. 21-cv-00411-BAS-AGS

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS (ECF No. 12)**

　　　Plaintiff Salima Witt has stage three cancer and chronic asthma.  In 2020, Witt was escorted out of Defendant Bristol Farms' grocery store for not wearing a face covering as required by the store's COVID-19 policy.  Witt filed this action against Bristol Farms, claiming that Bristol Farms denied her public accommodation in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 *et seq.* ("ADA").

　　　Pending before the Court is Defendant Bristol Farms' motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 12.)  For the following reasons, the Court **GRANTS** the motion.

//
//
//
//

# I.    BACKGROUND

According to the Complaint, Witt is a resident of the City of Encinitas, California. (Compl. ¶ 3.)  Witt has stage three cancer and chronic asthma.  (*Id*. ¶ 9.)  Witt was a regular shopper at Lazy Acres Encinitas, a grocery store owned by Bristol Farms.  (*Id*. ¶ 10.)

On or about May 26, 2020, Witt went to Lazy Acres Encinitas to shop for groceries. (*Id*. ¶ 10.)  The store's COVID-19 policy in effect at the time required "[a]ll customers . . . to wear face coverings when entering any Lazy Acres store."  (*Id*. ¶ 13.)  Witt did not have any symptoms of COVID-19, flu, or cold.  (*Id*.)  As Witt stood in line to pay for her groceries, a male manager of the store approached her.  (*Id*. ¶ 11.)  The manager told Witt that she must immediately leave the store because she was not wearing a face mask.  (*Id*.)  Witt explained to the manager that she could not wear a face mask because of her cancer and asthma.  (*Id*. ¶ 12.)  The manager raised his voice and demanded Witt show a written proof of her medical conditions.  (*Id*.)  Witt told him she did not have any.  (*Id*.)  The manager did not offer Witt an alternative way to buy her groceries and told her to leave the store.  (*Id*.)  He physically escorted Witt outside, while shouting "get out of the store."  (*Id*.)

Witt filed this action on March 8, 2021, alleging that Bristol Farms discriminated against her based on her disability.  (ECF No. 1).  Witt raises one cause of action against Bristol Farms for violation of Title III of the ADA.  (Compl. ¶¶ 20–28.)[1]

Bristol Farms moves to dismiss Witt's Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 12.)[2]  Witt opposes the motion (ECF No. 13), and Bristol Farms has filed a reply (ECF No. 14).  The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1).

//

---

[1] The Court dismissed Witt's other causes of action raised against other Defendants, UC San Diego Health and University of California Health, in a separate order.  (Order, ECF No. 15.)

[2] The Court denies as moot Bristol Farms's request for judicial notice (ECF No. 12-2) because the Court did not rely on the subject documents to rule on the motion.

## II.   12(b)(6) LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and draw all reasonable inferences from them in favor of the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678–79. Although the court accepts plaintiff's allegations as true, it is not proper for the court to assume that "the [plaintiff] can prove facts that it has not alleged or that the defendants have violated the . . . law[] in ways that have not been alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

"When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court's consideration is limited to the following: the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is

- 3 -

not contested, and matters of which the court takes judicial notice." *Lee v. Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

**III.   ANALYSIS**

   **A.   Consideration of Documents Attached to Plaintiff's Complaint**

In a Rule 12(b)(6) motion to dismiss, the court cannot consider evidence outside the pleadings without converting the motion to a Rule 56 Motion for Summary Judgment. *U.S. v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).   However, under the "incorporation by reference" doctrine, the Court can consider documents referenced in the pleading "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* at 908.   When a document is so incorporated by reference into a complaint, "the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.*

As relevant to Witt's claims raised against Bristol Farms, Witt attaches and incorporates into her Complaint five documents: (1) Lazy Acres' COVID-19 policy (Ex. A to Compl.); (2) U.S. Department of Health and Human Services Centers for Disease Control and Prevention ("CDC")'s Frequently Asked Questions ("FAQ") on COVID-19, dated February 10, 2021 (Ex. B to Compl.); (3) CDC's Guidance for Wearing Masks, dated February 10, 2021 (Ex. C to Compl.); (4) CDC's document entitled "People with Certain Medical Conditions," dated February 3, 2021 (Ex. D to Compl.); and (5) California Department of Public Health ("CDPH")'s Guidance for the Use of Face Coverings, dated November 16, 2020 (Ex. F to Compl.).   Witt incorporates the attached documents into her Complaint by referring to them to support her allegation that Lazy Acres' COVID-19 policy was inconsistent with CDC and CDPH's guidelines on who should be exempt from wearing masks.   (Compl. ¶¶ 14–15, ns. 2–6.)   Therefore, the Court assumes the contents of the five documents are true for the purpose of ruling on Bristol Farms' Rule 12(b)(6) motion.   *See Ritchie*, 342 F.3d at 908.

### B.   Plaintiff's ADA Claim

Title III of the ADA provides, as a "general rule," that

> [n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).   Title III provides what constitutes "discrimination" under two prongs: "general prohibition" and "specific prohibitions." *Id.* § 12182(b)(1), (b)(2).   As relevant to Witt's allegations, "discrimination" includes denying an individual "the opportunity . . . to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity" "on the basis of a disability." *Id.* § 12182(b)(1)(A)(i).   "Discrimination" also includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities." *Id.* § 12182(b)(2)(A)(ii).

Reading Witt's Complaint in the light most favorable to her, the essence of her allegations is that Bristol Farms' COVID-19 policy excluded her from purchasing her groceries at Lazy Acres Encinitas by requiring all customers, irrespective of their medical conditions, to wear a face mask inside the store.   To prevail on her Title III claim based on this theory, Witt must show that

> (1) [she] is disabled as that term is defined by the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) the defendant employed a discriminatory policy or practice; and (4) the defendant discriminated against [her] based upon [her] disability by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate the plaintiff's disability.

*Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004).   If Witt makes such a showing, Bristol Farms violates Title III unless it can show that "doing so would alter the fundamental nature of its business." *Id.*

- 5 -

The Court has already found that Witt's Complaint plausibly states she is disabled within the meaning of the ADA.  (Order at 6–7, ECF No. 15.)  The second element is not debated by the parties.  Assuming without deciding that Witt satisfies the third element, the Court focuses its analysis on the fourth element.  To satisfy the fourth element, Witt's Complaint must plausibly state that Bristol Farms denied her request for modification that was both reasonable and necessary to accommodate her disability.  *See Fortyune*, 364 F.3d at 1082; 42 U.S.C. § 12182(b)(2)(A)(ii) (providing that a denial of modification is discriminatory only where the requested modification is "reasonable" and "necessary" to accommodate the individual's disability).

Here, Witt alleges she told Lazy Acres Encinitas's manager that she could not wear a face mask because of her cancer and asthma.  (Compl. ¶ 12.)  The Court infers from this allegation that Witt made a request to the manager to modify the store's policy to let her shop in the store without wearing a face mask and turns to analyze whether her request was reasonable and necessary.

### 1.    Whether Witt's Request for Modification was Reasonable

Witt offers no facts that would show that her request was reasonable.  The applicable public health guidelines recommended wearing masks to prevent the spread of COVID-19 at grocery stores.  (*E.g.*, Compl. Ex. B at 2/32 ("Wear masks in public settings when around people not living in [one's] household and particularly where other social distancing measures are difficult to maintain, such as grocery stores. . . . Masks offer some protection to you and help people who may have the virus and do not know it from transmitting it to others.").)  The guidelines recognized the need for an alternative type of face covering, including "clear masks or cloth masks with a clear plastic panel," recommended for those who interact with "people who are deaf or hard of hearing"; "young children or students learning to read"; "students learning a new language"; "people with disabilities"; or "people who need to see the proper shape of mouth for making appropriate vowel sounds, e.g., in singing." (*Id.* Ex. C at 4/8.)  In addition, the guidelines provided that wearing masks

may not be possible for dining, water activities, or high intensity activities.  (*Id.* at 5/8.)  Witt does not allege that her request for modification was based on any of these reasons recognized by public health authorities.  Witt offers no other explanation as to why it would have been reasonable for the grocery store to accept her request to not wear any face covering whatsoever in the store at the risk of endangering other customers.

### 2. Whether Witt's Request for Modification was Necessary to Accommodate her Claimed Disability

To the extent that Witt alleges her request to not wear a mask inside the store was necessary to accommodate her asthma or cancer, that allegation is contradicted by the public health guidelines, and the Court declines to accept that allegation as true.  *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998) (holding that the court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint").  Witt alleges the CDC recommended people with asthma or cancer not wear masks.  (Compl. ¶ 14.)  However, Witt's own exhibits show otherwise: although the CDC recognized that "[m]asks should not be worn by . . . someone who cannot wear a mask safely, such as someone who has a disability or an underlying medical condition that precludes wearing a mask," the CDC explained that "[m]ost people with underlying medical conditions can and should wear masks." (*Id.* Ex. C at 6/8.)  With specific regards to asthma, the CDC clarified that "[i]f you have asthma, you can wear a mask." (*Id.*)  On cancer, the CDC guidelines stated cancer patients "are at increased risk of severe illness from the virus that causes COVID-19" and, to mitigate the increased risk, recommended that cancer patients keep masks on hand to "use [them] when venturing out." (*Id.* Ex. D at 1/11, 3/11.)

In addition, Witt does not explain why she could not wear other forms of face coverings.  Witt alleges that "[t]he Lazy Acres COVID Policy made no accommodation for customers with disabilities that prevented them from shopping in its stores with a *face mask* covering their nose and mouth." (Compl. ¶ 13 (emphasis added).)  However, the

actual policy, which Witt attaches to her Complaint and incorporates by reference, states that "[a]ll customers . . . are required to wear *face coverings*." (*Id.* Ex. A (emphasis added).) Requiring "face coverings" is not analogous to requiring "face masks," which is a specific form of a face covering. Witt's Complaint is deficient because it lacks any allegations as to why she could not wear any *face coverings*, which may include bandanas or gaiters, in compliance with the store's COVID-19 policy. *Cf. Giles v. Sprouts Farmers Mkt., Inc.*, No. 20-CV-2131-GPC-JLB, 2021 WL 2072379, at *4 (S.D. Cal. May 24, 2021) (finding that the plaintiff did not plausibly state a Title III claim against a grocery store based on the allegation that her disability prevented her from wearing a face mask, where the store's policy allowed wearing a face shield, and the complaint "[said] nothing about [the plaintiff] describing her medical condition that prevented her from wearing a face shield").

For the reasons stated above, the Court is left to speculate as to why Witt's asthma or cancer prevented her from complying with Lazy Acres' policy requiring face coverings. Her allegation is conclusory and does not warrant an inference of truth. *See Iqbal*, 556 U.S. at 681 ("[C]onclusory nature of respondent's allegations . . . disentitles them to the presumption of truth."); *see also Austin v. Univ. of Oregon*, 925 F.3d 1133, 1138 (9th Cir. 2019) (holding, in a gender discrimination action, that recitation of events without providing any plausible link connecting the events to the claimant's gender "[was] not cured by labels and conclusory statements"). Therefore, accepting all well-pleaded facts as true and drawing all reasonable inferences in Witt's favor, the facts Witt pleads in her Complaint do not permit the Court to infer that Bristol Farms denied Witt's request for modification that was reasonable and necessary to accommodate her claimed disabilities. Because Witt's Complaint fails to allege an essential element of her Title III claim against Bristol Farms, the Court grants Bristol Farms' Rule 12(b)(6) motion.

//

//

//

//

**IV.    CONCLUSION**

The Court **GRANTS** Bristol Farm's 12(b)(6) motion to dismiss.   Witt's claim against Bristol Farms is dismissed without prejudice. Out of an abundance of caution, the Court **GRANTS** Witt leave to amend her Complaint.  Any amended pleading shall be filed **on or before April 4, 2022**.  If Witt does not file an amended pleading by April 4, 2022, the Court will dismiss her claim against Bristol Farms with prejudice without a further order.

**IT IS SO ORDERED.**

**DATED: March 11, 2022**

Hon. Cynthia Bashant
United States District Judge

21cv411