**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SALIMA WITT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BRISTOL FARMS,<br><br>　　　　　Defendant. | Case No. 21-cv-00411-BAS-AGS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE (ECF No. 29)** |

The Court previously dismissed Plaintiff Salima Witt's Complaint for failure to state a claim but granted her leave to amend "out of an abundance of caution." (Mar. 11, 2022 Order, ECF No. 27.) Plaintiff has since filed an Amended Complaint. (Am. Compl., ECF No. 28.) Defendant Bristol Farms moved to dismiss Plaintiff's Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6).[1] (Mot., ECF No. 29.) Plaintiff opposed the motion (Opp'n, ECF No. 30), and Defendant replied (Reply, ECF No. 31). The Court finds Defendant's motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons

---

[1] Defendant also renews its request for judicial notice of certain regulations and admissions potentially relevant to its motion. (Mot. 2.; Req. Judicial Notice, ECF No. 12.) The Court once again **DENIES** as moot Defendant's request for judicial notice because the Court did not rely on the subject documents to rule on the present motion.

- 1 -

set forth below, the Court **GRANTS** Defendant's Motion and **DISMISSES** Plaintiff's Amended Complaint **WITH PREJUDICE**.

I.    **BACKGROUND**[2]

Plaintiff filed her Complaint on March 8, 2021, alleging that Defendant discriminated against her based on her disability. (Compl., ECF No. 1.) In that Complaint, she alleged that she went to Lazy Acres Encinitas (the "Store") on May 26, 2020, to shop for groceries, but was denied the opportunity to shop by a Store manager because she was disabled and unable to wear a face mask. (*Id.* ¶¶ 10–12.) The Store's written COVID-19 policy at the time required "[a]ll customers . . . to wear face coverings when entering any Lazy Acres store." (*Id.* ¶ 13.) Plaintiff did not have any symptoms of a cold, flu, or COVID-19. (*Id.* ¶ 10.) Plaintiff explained to the manager that she could not wear a face mask because of her cancer and asthma and in response he raised his voice and demanded she show written proof of her medical conditions, which Plaintiff did not have. (*Id.* ¶ 12.) The manager did not offer her an alternative way to buy her groceries and told her to leave the Store. (*Id.*) The Court dismissed Plaintiff's Complaint because she failed to demonstrate that her requested accommodation was necessary and reasonable, since she did not allege that she was unable to wear a face covering other than a mask consistent with the Store's policy. (Mar. 11, 2022 Order.)

In her Amended Complaint, Plaintiff added one new allegation regarding her interaction with the Store's manager. She now alleges that the manager "represented to her that she would only be permitted to enter the [S]tore if she wore a *face mask* covering her nose and mouth, no exceptions, including face shields, bandanas or any other covering that failed to cover Plaintiff's nose and mouth." (Am. Compl. ¶ 11 (emphasis added).)

---

[2] A more comprehensive background can be found in the prior Order issued by the Court. (Mar. 11, 2022 Order.)

Plaintiff's Amended Complaint maintains her sole cause of action against Defendant for violation of Title III of the Americans with Disabilities Act ("ADA"). (*Id.* ¶¶ 21–29.)[3]

## II. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and draw all reasonable inferences from them in favor of the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678–79. Although the court accepts the plaintiff's allegations as true, it is not proper for the court to assume that "the [plaintiff] can prove facts that it has not alleged or that the defendants have violated the . . . law[] in ways that have not been alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

---

[3] The Court dismissed Plaintiff's other causes of action raised against Defendants UC San Diego Health and University of California Health in a separate Order. (Nov. 9, 2021 Order, ECF No. 15.)

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court's consideration is limited to the following: the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested and matters of which the court takes judicial notice.[4] *Lee v. Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

## III. ANALYSIS

The Court previously found that Plaintiff's Complaint failed to state a claim because she failed to allege sufficient facts to show that the denial of her request not to wear a mask in the Store was discriminatory. (*See* Mar. 11, 2022 Order.) Applying the same legal standard for a motion to dismiss set forth above, the Court now considers the sufficiency of Plaintiff's Amended Complaint.

### A. Plaintiff's ADA Claim

As relevant to Plaintiff's allegations under Title III of the ADA, "discrimination" includes denying an individual "the opportunity . . . to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity" "on the basis of a disability." 42 U.S.C. § 12182(b)(1)(A)(i). "Discrimination" also includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities." *Id.* § 12182(b)(2)(A)(ii).

Plaintiff's Amended Complaint alleges that Defendant's COVID-19 policy is discriminatory because it excluded her from purchasing groceries by requiring all customers, irrespective of their medical conditions, to wear a face mask inside the Store. (*See generally* Am. Compl.) To prevail on her Title III claim based on this theory, Plaintiff's Amended Complaint must show that:

---

[4] As discussed in the March 11, 2022 Order, the Court takes judicial notice of the documents that were incorporated by reference in Plaintiff's Complaint. (*See* Mar. 11, 2022 Order 4.)

>    (1) [she] is disabled as that term is defined by the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) the defendant employed a discriminatory policy or practice; and (4) the defendant discriminated against [her] based upon [her] disability by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate the plaintiff's disability.

*Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004).

The Court has already found that Plaintiff's Complaint plausibly states she is disabled within the meaning of the ADA. (Nov. 9, 2021 Order.) The second element is not debated by the parties. Plaintiff's newly added allegations address the fourth element. Thus, as in its March 11, 2022 Order, the Court assumes without deciding that Plaintiff satisfies the third element and again focuses its analysis on the fourth element. (*See* Mar. 11, 2022 Order 6.) To satisfy the fourth element, Plaintiff's Amended Complaint must plausibly state that Defendant denied her request for modification that was both reasonable and necessary to accommodate her disability. *See Fortyune*, 364 F.3d at 1082; 42 U.S.C. § 12182(b)(2)(A)(ii) (providing that a denial of modification is discriminatory only where the requested modification is "reasonable" and "necessary" to accommodate the individual's disability).

Here, Plaintiff alleges she told the Store's manager that she could not wear a face mask because of her cancer and asthma. (Am. Compl. ¶ 12.) The Court infers from this allegation that Plaintiff made a request to the manager to modify the Store's face mask policy to let her shop in the Store without wearing a face mask and now analyzes whether her requested modification was reasonable and necessary.

### 1. Whether Plaintiff's Request for Modification Was Reasonable

In its prior Order, the Court found that Plaintiff alleged insufficient facts to show that her request not to wear a mask in the Store was reasonable because public health guidelines recommended wearing masks and Plaintiff failed to explain why the Store should have accepted her request "at the risk of endangering other customers." (Mar. 11, 2022 Order.) Plaintiff has failed to cure this deficiency with her Amended Complaint.

Plaintiff concedes that the applicable public health guidelines recommended wearing masks to prevent the spread of COVID-19 at grocery stores. (*See* Am. Compl. Exs. B–F.) She alleges in her Amended Complaint that the Store manager insisted that she wear a face mask in the Store even though the Store's written policy provides that the broader category of face coverings should be allowed. (*Id.* ¶ 11.) Her new allegation, however, does not bear on the ultimate reasonableness of her requested modification, which was to wear no face mask or covering at all. Plaintiff's case is based on the premise that she requested a reasonable modification to accommodate her disability and was denied. Assuming it is true that the Store manager informed her there was a "face mask only" policy, then a potentially reasonable modification would have been a different type of face covering. Plaintiff did not allege that she requested that modification. Instead, she requested that she be allowed to shop with no covering at all. (*Id.* ¶ 12.) In other words, Plaintiff has still failed to explain why the Store should have accepted her request not to wear any face covering whatsoever at the risk of endangering other customers. Because Plaintiff once again failed to plead the reasonableness of her requested modification, her Amended Complaint does not cure the deficiency as outlined by the Court.

### 2. Whether Plaintiff's Request for Modification Was Necessary

In its March 11, 2022 Order, the Court declined to accept Plaintiff's allegation that her request not to wear a mask in the Store was necessary to accommodate her asthma or cancer as true because the allegation is contradicted by public health guidelines that Plaintiff herself incorporated into her Amended Complaint. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998) (holding that the court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint"). Plaintiff alleges the CDC recommended people with asthma or cancer not wear masks. (Am. Compl. ¶ 14.) However, Plaintiff's own exhibits show otherwise: although the CDC recognized that "[m]asks should not be worn by . . . someone who cannot wear a mask safely, such as someone who has a disability or an underlying medical condition that precludes wearing a mask," the CDC explained that "[m]ost people with

underlying medical conditions can and should wear masks." (*Id.* Ex. C, at 6.) With specific regards to asthma, the CDC clarified that "[i]f you have asthma, you can wear a mask." (*Id.*) On cancer, the CDC guidelines stated cancer patients "are at increased risk of severe illness from the virus that causes COVID-19" and, to mitigate the increased risk, recommended that cancer patients keep masks on hand to "use [them] when venturing out." (*Id.* Ex. D, at 1, 3.)

The Court finds that Plaintiff did not add allegations to her Amended Complaint sufficient to show her request was necessary in light of the public health guidelines she incorporated into her Amended Complaint. (*See id.* Exs. B–F.) Plaintiff's only new substantive allegation is that the Store manager represented only face masks would be permitted in the Store, but she does not offer any additional facts explaining why her request not to wear a mask was a necessary accommodation when the public health guidelines she incorporated into her Complaint stated people with asthma and cancer can, and should, wear masks. (*See id.*)

Therefore, accepting all well-pleaded facts as true and drawing all reasonable inferences in Plaintiff's favor, the facts Plaintiff pleads in her Amended Complaint do not permit the Court to plausibly infer that Defendant denied a request by Plaintiff for modification that was reasonable and necessary to accommodate her claimed disabilities. *See Cahill*, 80 F.3d at 337–38; *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. Because Plaintiff's Amended Complaint fails to allege an essential element of her Title III claim against Defendant, the Court **GRANTS** Defendant's Rule 12(b)(6) motion.

### B. Leave to Amend

The Court granted leave to amend in its prior Order "out of an abundance of caution." (Mar. 11, 2022 Order.) Since Plaintiff's Amended Complaint failed to cure deficiencies outlined by the Court and is the second pleading in which Plaintiff failed to state a claim for relief, the Court finds dismissal with prejudice appropriate under Rule 15(a)(2). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Additionally, "[t]he grant or denial of an opportunity to amend is within the discretion of the [d]istrict [c]ourt." *Foman*, 371 U.S. at 182.

Here, the Court finds that granting leave to amend would be futile since the Court has already offered Plaintiff an opportunity to amend and she added only one new substantive allegation, which failed to address deficiencies the Court previously specified. "[A] district court's discretion over amendments is especially broad where the court has already given a plaintiff one or more opportunities to amend [her] complaint." *Sathianathan v. Smith Barney, Inc.*, 362 F. App'x 853 (9th Cir. 2010) (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987). In its March 11, 2022 Order, the Court highlighted that Plaintiff's Complaint was deficient because of her failure to address why her requested accommodation to not wear a mask was reasonable and necessary. Yet, Plaintiff added no new allegations to address the Court's justification for its prior dismissal. Plaintiff's failure to cure the deficiencies suggests to the Court that there are no allegations she could add that would remedy the deficiencies. Failure to correct identified deficiencies "is a strong indication that the plaintiff[] ha[s] no additional facts to plead." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (quoting *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1098 (9th Cir. 2002), abrogated on other grounds by *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007)). Accordingly, the Court finds that dismissal with prejudice is warranted in these circumstances.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Rule 12(b)(6) motion to dismiss (ECF No. 29) and **DISMISSES** the action **WITH PREJUDICE**. The clerk of court is directed to close this action.

**IT IS SO ORDERED.**

**DATED: June 30, 2022**

Hon. Cynthia Bashant
United States District Judge