KIMBERLY M. TALLEY (SBN 146898)
  ktalley@constangy.com
STEVEN B. KATZ (SBN 139078)
  skatz@constangy.com
JOANNA E. MACMILLAN (SBN 281891)
  jmacmillan@constangy.com
LISA YUMI MITCHELL (SBN 311407)
  lmitchell@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
LOS ANGELES, CA 90067
Telephone: 310.909.7775
Facsimile: 424.465.6630

Attorneys for Defendant
BRISTOL FARMS

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALIMA WITT,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>BRISTOL FARMS, et al.<br><br>　　　　　Defendants. | Case No. 3:21-cv-00411-BAS-AGS<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**<br><br>Date:  August 15, 2022<br>Courtroom:  4B<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>District Judge:  Cynthia Bashant<br>Magistrate Judge:  Andrew G. Schopler<br><br>Complaint Filed:  March 8, 2021 |

8366170v2

1

MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES

Prevailing party Bristol Farms incurred more than $41,635.00 in attorney's fees defending this lawsuit. It requests that the Court award it that much of its fees under 42 U.S.C. § 12205.

Section 12205 provides that, in ADA actions, "the court . . . , in its discretion, may allow the prevailing party, . . . a reasonable attorney's fee . . . ." As this Court recently noted in *Strojnik v. 1017 Coronado, Inc.*, No. 19-CV-02210-BAS-MSB, 2021 WL 120899 (S.D. Cal., Jan. 13, 2021), "The purpose of awarding fees to a prevailing defendant is '"to deter the bringing of lawsuits without foundation."'" *Id.* at *3 (*quoting CRST Van Expedited, Inc., v. E.E.O.C.*, 136 S. Ct. 1642, 1652 [2016], and *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 420 [1978]). Thus, the *Christianburg* standard applies: "'The Court, therefore, has interpreted the statute to allow prevailing defendants to recover [only] when the Plaintiff's "claim was frivolous, unreasonable or groundless."'" *Id.* (*quoting CRST*, 136 S. Ct. at 1652, and *Christiansburg*, 434 U.S. at 421). "'Frivolous' means '[l]acking in legal basis or legal merit[.]'" *Id.* (*quoting* BLACKS' LAW DICTIONARY 739 [9th ed. 2009]).

This Court dismissed Plaintiff Salima Witt's complaint against Bristol Farms because she "fails to allege an essential element of her Title III claim." (ECF 27, p. 8; 32, p. 7.) She failed to do so because the gravamen of her claim—that her condition as an asthmatic and a cancer survivor prevented her from wearing a face mask during the height of the COVID-19 shutdowns—was contradicted by CDC guidelines she

8366170v2

2

MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES

attached to her own pleading. (*See* ECF 27, pp. 4, 7, 8; ECF 32, pp. 6, 7.) Despite being given the opportunity to do so, Ms. Witt apparently could not—consist with FED. R. APP. PROC. 11—allege facts to show that those guidelines could not apply to her.

This is *not* a case where the parties differed as to a legal question—such as the requirements of the ADA or the meaning of its text—on which Ms. Witt might have taken a substantial but ultimately unsuccessful position, resulting in a dismissal at the pleading stage. Rather, Ms. Witt filed two pleadings that did not allege sufficient facts to make a claim. Her complaint was a textbook example of one "lacking in legal basis."

Ms. Witt's "lack of specificity" is similar to one that struck this Court as "particularly troubling" in *Strojnik*: "it allows [Ms. Witt] to avoid alleging the specifics of [her] disability and how this disability has been affected by the alleged barriers [s]he allegedly encountered." *Strojnik*, 2021 WL 120899, *3.

Further, "'[b]ad faith' in bringing the lawsuit is not required, but a showing of bad faith could support a finding that the lawsuit was 'frivolous, unreasonable or groundless.'" *Id*. There is evidence suggesting that Ms. Witt filed her complaint in bad faith:

- One month before she was asked to leave a Bristol Farms-owned grocery store, Ms. Witt appeared in video posted online in which she stated she

- "had a talk with [her] family" about "the importance of . . . wearing scarves or masks or whatever we had here at home if you're going out of the home." (ECF 12-2, p. 7 [Request No. 15].)

- Two days after that, she appeared in another one where she admitted wearing "gloves [and] masks" when she goes to the doctor for screening. (ECF 14-1, p. 2 [Request No. 18].)

- Roughly three weeks after those statements (one week before she was asked to leave the grocery store), she told fellow cancer survivors she went to the doctor two months earlier "with masks and gloves" and urged them to do likewise. (ECF 12-2, p. 7 [Request No. 17].)

These statements give rise to an inference that Ms. Witt's claim she could not wear a mask was not only objectively unsupportable with facts (and hence "lacking in legal basis"), it was not even subjectively (albeit unreasonably) believed—strongly suggesting bad faith. Bristol Farms twice moved for judicial notice of contemporaneous public statements from Ms. Witt that she was able to wear a face mask. (ECF 12-2; 29, p. 2 n.1.) This Court did not need to rely on Ms. Witt's public admissions to dismiss her complaint, and so denied those requests as moot. (ECF 27, p. 2 n.2; 32, p. 1 n.1.) Bristol Farms renews that request again, as at least some of those statements support a finding a bad faith.

Bristol Farms requests an award of $41,635.00, as follows:

| Timekeeper | | Hourly Rate | Total Hours | (Extended) |
|---|---|---|---|---|
| Steven Katz | | $475.00 ($525.00 in 2022) | 66.9 | $32,467.50 |
| Title: | Partner | | | |
| Experience: | Over 30 years | | | |
| Role: | Lead attorney; principal drafter of motion papers; supervision of all timekeepers | | | |
| Lisa Yumi Mitchell | | $350.00 | 16.5 | $5,793.00 |
| Title: | Associate | | | |
| Experience: | 6 years | | | |
| Role: | Fact and legal research for all motions; preparation of subsdiary motion papers | | | |
| Joanna MacMillan | | $450.00 | 4.1 | $1,845.00 |
| Title: | Partner | | | |
| Experience: | 10 years | | | |
| Role: | Fact and legal research for motions to dismiss | | | |
| Renee Turkell Brook | | $450.00 | 2.8 | $1,260.00 |
| Title: | Senior Counsel | | | |
| Experience: | Over 30 years | | | |
| Role: | Fact and legal research for motions to dismiss | | | |
| Tamara Sybel | | $295.00 | 0.8 | $128.00 |
| Amber Munroe | | $311.00 | 0.5 | $142.00 |
| Title: | Paralegals | | | |
| Role: | Fact and legal research for motions to dismiss | | | |
| | | | **TOTAL** | **$41,635.50** |

(*See* Katz Decl., ¶ 6 & Exh. A.) It is reasonable.

First, the rates underlying this request are in line with those awarded in *Strojnik* and even more recent ADA cases in the Southern and Central Districts. *See Schutza v.*

*Costco Wholesale Corporation*, No. 19CV00990DMSWVG, 2022 WL 935483, at *3 (S.D. Cal., Mar. 29, 2022) (awarding rates of $500 and $525 for attorneys with "many years of experience" and rates of $400 and $475 for attorneys with "moderate years of experience"); *Garcia v. Apple Seven Services SPE San Diego, Inc*, No. 221CV00841ODWPVC, 2022 WL 837419, at *4 (C.D. Cal., Mar. 21, 2022) (awarding $695 for attorney with 30 years' experience); *Garcia v. Gudalupe Alcocer and Digital Currency Svcs.*, No. 2:20-cv-08419-VAP-JEMx, 2022 WL 495051, *5 (C.D. Cal. Jan. 19, 2022) (awarding rate of $500.00 for attorney with 40 years' experience); *Pritchett v. Slauson Gas Station, LLC*, No. CV 20-7915 DSF (SKX), 2022 WL 319989, at *2 (C.D. Cal., Jan. 10, 2022) (awarding rate of $425 for attorney with 9 years' experience); *Langer v. Gozon*, No. CV199190PSGMAAX, 2021 WL 5923578, at *6 (C.D. Cal., Aug. 25, 2021) (awarding rate of $350 for attorneys of 8-10 years' experience and $250 for attorneys of 4-6 years' experience); *Rutherford v. Evans Hotels, LLC*, No. 18-CV-435 JLS (MSB), 2021 WL 1945729, at *7 (S.D. Cal., May 14, 2021) (awarding rate of $225 for attorneys of 4-7 years' experience); *Strojnik*, 2021 WL 120899, *4 (awarding rate of $500 for attorney with 30 years' experience). These rates are also well within the ranges for ADA, general employment and general liability litigation set out in the *2020 Real Rate Report. Langer*, 2021 WL 5923578, at *4). See also *Pritchett*, 2022 WL 319989, at *3 (relying on *Real Rate Report* in ADA case).

Second, the lodestar is reasonable. It reflects time incurred to prepare the two motions to dismiss Bristol Farms filed in this case, its opposition to Ms. Witt's motion to enter a separate judgment to expedite her appeal, and a modest number of hours for preliminary case assessment and investigation. (Katz Decl., ¶ 5 & Exh. A.) It excludes time spent on internal and client communication. (*Id.*, ¶ 4.) The overall award requested is proportionate to the one in *Strojnik*, where this Court awarded $21,995 when a single motion to dismiss resolved the case. *Strojnik*, 2021 WL 120899, *5. *See also, e.g.*, *Gudalupe Alcocer*, 2022 WL 495051 (awarding $36,775 after single motion to dismiss and one-day bench trial).

Bristol Farms respectfully requests this Court award it $41,635.00 in attorney's fees as prevailing party.

Dated:  July 14, 2022

CONSTANGY, BROOKS, SMITH & PROPHETE, LLP

By: /s/ Steven B. Katz

Kimberly M. Talley, Esq.
Steven B. Katz, Esq.
Joanna E. MacMillan, Esq.
Lisa Yumi Mitchell, Esq.

Attorneys for Defendant
BRISTOL FARMS