Robert E. Barnes, Esq.
California State Bar # 235919
BARNES LAW
700 South Flower Street, Suite 1000
Los Angeles, California 90017
Telephone: (310) 510-6211
Email: robertbarnes@barneslawllp.com

Attorneys for Plaintiff Salima Witt

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALIMA WITT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BRISTOL FARMS, et al.,<br><br>　　　　Defendant(s). | **Case No.: 3:21-cv-00411-BAS-AGS**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT BRISTOL FARMS' MOTION FOR ATTORNEYS' FEES UNDER 42 U.S.C. § 12205.**<br><br>Date:　　　　October 25, 2021<br>Courtroom:　　4B<br><br>**ORAL ARGUMENT REQUESTED**<br><br>District Judge:　　Cynthia Bashant<br>Magistrate Judge: Andrew G. Schopler |

///

///

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Salima Witt hereby files this Opposition To Defendant Bristol Farms' Motion For Attorneys' Fees (the "Motion"). This Opposition is based upon the within Memorandum of Points and Authorities, any matters upon which judicial notice is requested to be taken, the files and records in this action, and upon such further oral and documentary evidence that may be received at the hearing on the Motion.

DATED: August 1, 2022                    Respectfully submitted,
                                         BARNES LAW


                                         /s/ Robert E. Barnes
                                         Robert E. Barnes, Esq.
                                         Attorneys for Plaintiff Salima Witt

///

///

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ……………………………………………………..4

MEMORANDUM OF POINTS AND AUTHORITIES ………………………….5

    I.     INTRODUCTION ………………………………………………………...5

    II.    FACTS ……………………………………………………………………5

    III.   ARGUMENT ……………………………………………………………..8

        1. Legal Standard For Discretionary Attorneys' Fees Awards Under 42 U.S.C. § 12205 ……………………………………………………………..9

        2. Bristol Farms Falls Well Short Of The Requisite Standard For Imposing Attorneys' Fees In Any Amount Under 42 U.S.C. § 12205 ……………………………………………………………………12

        3. Additionally, The Amount Of Attorneys' Fees Bristol Farms Requests Is Grossly Exorbitant And Unsupportable ……………….15

    IV.   CONCLUSION ………………………………………………………….17

CERTIFICATE OF SERVICE ………………………………………………….18

///

///

# TABLE OF AUTHORITIES

**Cases:**

*Arrieta-Colon v. Wal Mart Stores, Inc., D.Puerto Rico*, 422 F.Supp.2d 331 (D. Puerto Rico 2006) …………………………………………………………………...15-16

*Christiansburg Garment Co. v. E.E.O.C.,* 434 U.S. 412 (1978) ………………………9

*Gay Officers Action League v. Puerto Rico,* 247 F.3d 288 (1st Cir. 2001) ………...16

*Gibson v. Office of Atty. Gen.,* 561 F.3d 920 (9th Cir. 2009) ………………………..10

*Jones v. Continental Corp.,* 789 F.2d 1225 (6th Cir. 1986) …………………………..9

*Karam v. City of Burbank,* 352 F.3d 1188 (9th Cir. 2003) …………………………...10

*Lopez v. San Francisco Unified School Dist.*, 385 F.Supp.2d 981
(N.D. Cal. 2005) ……………………………………………………………………...16

*Macheska v. Thomson Learning,* 347 F.Supp.2d 169 (M.D. Pa. 2004) …………....11

*McConnell v. Critchlow,* 661 F.2d 116 (9th Cir. 1981) ……………………………..10

*Michigan Flyer, LLC v. Wayne County Airport Authority,* 162 F.Supp.3d 584 (E.D. Mich. 2016) …………………………………………………………………………….9

*Minor v. Fedex Office & Print Services, Inc.,* 205 F.Supp.3d 1081
(N.D. Cal. 2016) ……………………………………………………………………...10

*Molski v. Mandarin Touch Restaurant,* 359 F.Supp.2d 924 (C.D. Cal. 2005) ……11

*Oliver v. In-N-Out Burgers,* 945 F.Supp.2d 1126 (S.D. Cal. 2013) ………………..11

*Strojnik v. 1017 Coronado, Inc.,* 2021 WL 120899 (S.D. Cal. 2021) …………12, 14

**Codes:**
42 U.S.C. §12205 …………………………………………………………….*passim*

**Rules:**
Federal Rules of Civil Procedure:
- Rule 12(b) …………………………………………………………………..4, 13

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Bristol Farms' Motion falls exceedingly short of meeting the strict standard for imposing the mid-five-figure discretionary fee award requested therein. To grant Bristol Farms' Motion would be to award attorneys' fees to any defendant whose Rule 12(b) motion prevails. Needless to say, such a sanction is not authorized by Rule 12(b) nor any statute, rule or published case.

Moreover, the mid-five-figure attorneys' fee award requested by Bristol Farms is as exorbitant as it is absent authority in support. All attorneys' fees awards, and particularly discretionary prevailing party awards, must be reasonable. Yet Bristol Farms has the audacity to request $41,635 in purported attorneys' fees, comprised of over 90 hours by four attorneys with 76 years of experience between them – all for the hours expended in filing two motions to dismiss that total 24 pages. For this additional reason Bristol Farms' Motion should be denied outright, or at a minimum its requested fees substantially reduced.

## II. FACTS

On March 8, 2021, plaintiff Salima Witt ("Witt" or "Ms. Witt") filed a civil complaint for injunctive relief, alleging that defendant Bristol Farms ("Bristol Farms") violated the Federal Americans With Disabilities Act of 1990 (the "ADA").

Original Complaint, ECF No. 1[1]. Bristol Farms filed a Motion to Dismiss under Rule 12(b)(6) (ECF No. 12), which was granted with leave to amend by this Court on March 11, 2022 (ECF No. 27).[2]

In its March 11, 2022 order, this Court found that Witt's Original Complaint sufficiently alleged the first two elements of an ADA claim, that she was disabled within the meaning of the ADA, and that Bristol Farms was a private entity that owns, leases or operates a place of public accommodation. ECF No. 27, at pg. 6. This Court declined to decide whether Witt's Original Complaint sufficiently alleged that Bristol Farms employed discriminatory policy or practice under the ADA. *Ibid.* This Court further found that Witt sufficiently alleged that she made a request to Bristol Farms' manager to modify the store's policy to let her shop in the store without wearing a face mask. *Id.*, at pg. 6.

The sole grounds upon which this Court granted Bristol Farms' Motion to Dismiss Witt's Original Complaint, was that she didn't sufficiently allege the fourth and final element of an ADA claim, that her requested accommodation was necessary and reasonable, since she did not allege that she was unable to wear a face covering

---

[1] Witt's original complaint also included a claim against Bristol Farms for violation of the Federal Rehabilitation Act of 1973, and an ADA violation allegation against a separate defendant, UC San Diego Health/UC Health.

[2] In its Motion to Dismiss Witt's Original Complaint, Bristol Farms moved for judicial notice of what it claimed were contemporaneous admissions by Ms. Witt concerning her disabilities (ECF No.12-2, at pp. 5-6). That request was denied by this Court (ECF No. 27, at pg. 2, fn 2 ["The Court denies as moot Bristol Farms' request for judicial notice … because the Court did not rely on the subject documents to rule on the motion."]).

other than a mask consistent with Bristol Farms' store policy. ECF No. 27, pp. 6-8. This finding by this Court was based predominantly upon guidelines from the Centers For Disease Control that Witt herself attached to the Original Complaint. ECF No. 1, Exhibits B-E.

On April 4, 2022, Ms. Witt filed an Amended Complaint, naming Bristol Farms as a defendant violating the ADA. ECF No. 28. Bristol Farms again filed a Motion to Dismiss (ECF No. 29), which was granted with prejudice and without leave to amend by this Court on June 30, 2022 (ECF No. 32).[3] In its April 4, 2022 order, this Court found that Witt's Amended Complaint sufficiently alleged the first three of four ADA claim elements that the Original Complaint had. Namely, that Witt was disabled; that Bristol Farms was a private entity that owns, leases or operates a place of public accommodation; that Bristol Farms employed discriminatory policy or practice under the ADA; and further that Witt sufficiently alleged that she made a request to Bristol Farms' manager to modify the store's policy to let her shop in the store without wearing a face mask. ECF No. 32, at pg. 5.

The sole grounds upon which this Court granted Bristol Farms' Motion to

---

[3] In its Motion to Dismiss Witt's Amended Complaint, Bristol Farms again moved for judicial notice of the same out-of-court social media statements made by Ms. Witt, on the theory they were relevant to the issues before this Court and judicially noticeable as contemporaneous admissions. ECF No. 29-1, at pg. 2, fn 1. This Court denied Bristol Farms' second request for judicial notice of these statements by Witt. ECF No. 32, at pg. 1, fn 1 ["The Court once again DENIES as moot Defendant's request for judicial notice because the Court did not rely on the subject documents to rule on the present motion."].

Dismiss Witt's Amended Complaint, was that she still had not sufficiently alleged the fourth and final element of an ADA claim, that her requested accommodation was necessary and reasonable. Witt's Amended Complaint added an allegation absent in the Original Complaint, which was that the Bristol Farms' store owner told her she could only enter the store if she wore a face mask covering her nose and mouth. However, this Court found that despite her sufficiently pled respiratory disability, letting Witt shop in the store without any face covering of any kind was not a reasonable or necessary modification in light of the CDC guidelines attached to Witt's Amended Complaint. ECF No. 32, at pp. 5-7.

Bristol Farms now moves for $41,635 in attorneys' fees. The Motion requests attorneys' fees for four attorneys, two of which are partners (with over 30 years and 10 years of experience respectively), and one of which is a senior counsel (with over 30 years of experience), totaling 90.3 hours. Motion, pg. 5; Declaration of Steven Katz in Support of Motion.

### III.   ARGUMENT

The authority offered to support Bristol Farms' mid-five-figure attorneys' fees request, is 42 U.S.C. § 12205 which provides: "the court …, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs …". Motion, pg. 2.

///

1. **Legal Standard For Discretionary Attorneys' Fees Awards Under 42 U.S.C. § 12205**

Attorneys' fees awards under 42 U.S.C. § 12205 are within the court's discretion, but do require the moving party to meet a stringent standard and that the court to make specific findings that the claims at issue were frivolous, unreasonable or groundless. In *Michigan Flyer, LLC v. Wayne County Airport Authority,* 162 F.Supp.3d 584 (E.D. Mich. 2016), the court examined discretionary attorneys' fees awards under 42 U.S.C. § 12205 as follows: "The award of fees to a prevailing defendant is entrusted to the Court's sound discretion, but '[a]n award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct.' (citing *Jones v. Continental Corp.,* 789 F.2d 1225, 1232 (6th Cir. 1986).)." In *Christiansburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 422 (1978) ("*Christiansburg*"), the Supreme Court held:

> "To take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII. Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so."[4]

The federal courts are thus entirely consistent in holding that discretionary

---

[4] Bristol Farms' also cites *Christiansburg* as the operative standard for purposes of considering the relief requested in the Motion. Motion 2:13-14 ["Thus, the *Christiansburg* standard applies …"].

attorneys' fees awards cannot be granted unless the prevailing party meets a strict standard. When evaluating whether a claim is "frivolous" under *Christiansburg,* courts hold that when a legal question is not "answered clearly by … precedent," the claim is necessarily not frivolous. *Minor v. Fedex Office & Print Services, Inc.,* 205 F.Supp.3d 1081, 1089 (N.D. Cal. 2016) ("*Minor*") (citing *Gibson v. Office of Atty. Gen.,* 561 F.3d 920, 929 (9th Cir. 2009) ("*Gibson*").). In *Gibson, supra,* 561 F.3d at 929, the Ninth Circuit reversed a district court's award of attorney fees on the grounds the plaintiff's action was "frivolous" or "meritless", because the district court's findings fell short of the requisite strict standard: "A case may be deemed frivolous only when the 'result is obvious or the ... arguments of error are wholly without merit.'" (citing *Karam v. City of Burbank,* 352 F.3d 1188, 1195 (9th Cir. 2003) and quoting *McConnell v. Critchlow,* 661 F.2d 116, 118 (9th Cir. 1981).).

Additionally, dismissal of claims previously denied by the court, is not in and of itself grounds for imposing discretionary attorneys' fees. In *Minor, supra,* 205 F.Supp.3d at 1087-1088, the court held that an award of attorney fees was not warranted in favor of an employer who prevailed in the ADA action, although the action was dismissed with prejudice before trial on the employer's motion: "[P]rior rejections of a plaintiff's complaint, without a frivolous finding, do not support an award of fees. [citation]." *Id.,* at 1088. The *Minor* court held that prevailing party attorneys' fees were particularly unwarranted in that case, because the early dismissal of the action limited the burden on the employer, and there was no finding that the

employee's claims were frivolous nor brought in bad faith. *Id.*, at 1087-1089. Similarly, in *Oliver v. In-N-Out Burgers,* 945 F.Supp.2d 1126 (S.D. Cal. 2013), the U.S. District Court for the Southern District of California held that there was no basis for an award of attorney's fees under 42 U.S.C. § 12205 in favor of restaurant operator, in an action brought by a customer against the restaurant operator under the ADA, where the action was dismissed at the pleading stage.

Conversely, the few published decisions affirming discretionary attorneys' fees awards or similar sanctions, have done so under an explicitly stringent standard based upon a showing of bad faith that rose to the level of attorney disbarment or vexatious litigation tactics. For example, in *Molski v. Mandarin Touch Restaurant,* 359 F.Supp.2d 924 (C.D. Cal. 2005), certiorari denied 555 U.S. 1031, the court made findings that the plaintiff's law firm had a history of filing serial ADA suits, in which it had given unethical advice, made questionable allegations of physical injury, pursued excessive compensatory damages, and secured quick settlements, which warranted an order requiring it to seek leave of court before filing additional ADA claims. Similarly, in *Macheska v. Thomson Learning,* 347 F.Supp.2d 169 (M.D. Pa. 2004), the court found that the plaintiff's attorney acted in bad faith, warranting an award of attorney fees and costs based on unreasonable and vexatious multiplication of proceedings, where he admitted that his client's FMLA and ADA case should be withdrawn, but he failed to stay or terminate litigation, or withdraw as counsel, within a reasonable period of time thereafter.

*Strojnik v. 1017 Coronado, Inc.,* 2021 WL 120899 (S.D. Cal. 2021) ("*Strojnik*"), is another of the handful of decisions imposing attorneys' fees awards under 42 U.S.C. § 12205. However, Bristol Farms' reliance on that decision in its Motion is self-defeating. In fact, *Strojnik* actually affirms that attorneys' fees awards under 42 U.S.C. § 12205 are only issued where the plaintiff's conduct (or their counsel) rises to the level of attorney disbarment or vexatious litigant status. In *Strojnik*, the plaintiff, a former attorney, brought an ADA claim against the defendant. After dismissal upon lack of standing grounds, the defendant moved for prevailing party attorneys' fees under 42 U.S.C. § 12205, which was also granted. In granting those attorneys' fees, the *Strojnik* court made detailed findings supporting undisputable demonstrations of bad faith and vexatious litigation by the plaintiff in that case:

> "Mr. Strojnik appears to suggest that he is wheelchair-bound, a fact that clearly is not true. In the case most recently before the Court, the Court ordered an [Independent Medical Examination] to determine whether Mr. Strojnik was truly disabled as he claimed in his lawsuit. The case settled after the IME was conducted but the examiner concluded Mr. Strojnik 'ambulates relatively well with a very slight limp and has an erect posture.' Similarly, at a Court hearing on December 10, 2019 (a month after this lawsuit was filed), the Court observed Plaintiff able to walk into a courtroom unassisted by a wheelchair. At that time Plaintiff did not appear to have difficulty walking. ¶ Mr. Strojnik also appears to suggest that he encountered these barriers without ever traveling to the lodging facilities. … This is particularly troubling given Mr. Strojnik's history of filing meritless lawsuits and using misrepresentations to encourage small business defendants into quick settlements. These tactics led Mr. Strojnik to be disbarred by the State of Arizona. He appears to be using similar tactics in California, using himself as a questionable plaintiff." *Id.*, at *3-*4.

As such, the case of *Strojnik, supra,* 2021 WL 120899, if anything supports denial of the relief requested by Bristol Farms here. Nowhere in the Motion is it contended (nor can be contended under the undisputed facts), that Ms. Witt or her counsel are serial ADA claim filers, vexatious litigants or anything remotely approaching the litigants against whom attorneys' fees under 42 U.S.C. § 12205 have been awarded under *Strojnik* or any other authority.

## 2. Bristol Farms Falls Well Short Of The Requisite Standard For Imposing Attorneys' Fees In Any Amount Under 42 U.S.C. § 12205

Bristol Farms' Motion rests upon two contentions. First, the lack of specificity in Witt's pleadings rises to the level of frivolousness required for prevailing party attorneys' fees to be awarded under 42 U.S.C. § 12205. Motion, at pg. 3 ["Ms. Witt's 'lack of specificity' is similar to one that struck this Court as 'particularly troubling' in *Strojnik*[5].]." Second, Bristol Farms renews its twice rejected contention that Witt somehow demonstrated bad faith meriting a mid-five-figure attorneys' fee award, from cyber-trolled social media statements Witt made that have nothing to do with the merits of the subject action. Motion, at pg. 3 ["Bristol Farms twice moved for judicial notice of contemporaneous public statements from Ms. Witt that she was able to wear a face mask … Bristol Farms renews that request again, as at least some of those statements support a finding [of]

---

[5] "*Strojnik*" refers to the case of *Strojnik v. 1017 Coronado, Inc.,* 2021 WL 120899 (S.D. Cal. 2021).

bad faith."] Both grounds fail to support the attorneys' fees requested in the Motion.

First, lack of specificity in a pleading is grounds for dismissal for failure to state a claim under FRCP, Rule 12(b)(6). It is not grounds for a discretionary award of prevailing party attorneys' fees under 42 U.S.C. § 12205. As discussed in more detail above (*supra,* at pp. 9-13), the moving party must meet a stringent standard and the court must make findings that the claims at issue were frivolous, unreasonable or groundless. Furthermore, the principal authority relied upon in Bristol Farms' Motion, the case of *Strojnik, supra,* 2021 WL 120899, if anything strongly supports **denial** of Bristol Farms' request for discretionary attorneys' fees here. This is because the bad faith demonstrated by the plaintiff in *Stojnik* could not be more readily distinguishable from the conduct of Ms. Witt and her counsel here. *See supra,* at pp. 5-8. Among other reasons, this Court twice found that both of Witt's complaints sufficiently alleged three of the four elements of an ADA claim. ECF No. 27, at pg. 6; ECF No. 32, at pg. 5. Moreover, this Court's ruling that Witt's pleadings insufficiently alleged that Witt's requested modification was reasonable and necessary, was based predominantly upon CDC guidelines that Witt herself attached to her pleadings. As such, this was most certainly not an action where Witt demonstrated vexatiousness or frivolous pleadings to the court. This Court simply disagreed with Witt's interpretation of the relevant CDC guidelines for purposes of the fourth element of her ADA claim against Bristol Farms. ECF No. 27, pp. 6-8; ECF No. 32, at pp. 5-7. Bristol Farms thus has not, and cannot,

meet the requisite stringent standard for an award of attorneys' fees in any amount. Nor has it made a showing that Ms. Witt's claims were frivolous, unreasonable or groundless as required by 42 U.S.C. § 12205.

Second, Bristol Farms' third attempt to have this court take judicial notice of out-of-court statements made by Ms. Witt, cannot support the relief requested in the Motion. As discussed in Ms. Witt's opposition to Bristol Farms' motion to dismiss Witt's original complaint (*see* ECF No. 13, at pp. 7-10), Ms. Witt's out-of-court social media posts are not judicially noticeable in the first instance. And even if they were, those posts at very most go to Ms. Witt's credibility which is not at issue at the pleading stage or here. In fact, if said posts reveal anything, it is the trials and tribulations of a cancer survivor trying to empower others to have a positive mindset toward the disease.

### 3. Additionally, The Amount Of Attorneys' Fees Bristol Farms Requests Is Grossly Exorbitant And Unsupportable

As discussed above, Bristol Farms fails to meet the requisite standard for being awarded attorneys' fees in any amount under 42 U.S.C. § 12205. Yet even if this Court were to consider the requisite strict standard met, the mid-five-figure amount of attorneys' fees requested by Bristol Farms is unreasonable and unsupportable on its face.

In *Arrieta-Colon v. Wal Mart Stores, Inc., D.Puerto Rico*, 422 F.Supp.2d 331 (D. Puerto Rico 2006) ("*Arrieta-Colon*"), the court held that in calculating attorney

fee award for the prevailing plaintiff in employment discrimination suit under the ADA, the number of hours claimed by attorneys would be reduced, where there were numerous instances of unnecessary duplication and over-expenditures of efforts by plaintiff's counsel. The *Arrieta-Colon* court also noted: "Further, the case appears to have been overstaffed. 'Where tag teams of attorney are involved, fee applications should be scrutinized with especial care.' (quoting *Gay Officers Action League v. Puerto Rico,* 247 F.3d 288, 298 (1st Cir. 2001).)".

In *Lopez v. San Francisco Unified School Dist.*, 385 F.Supp.2d 981 (N.D. Cal. 2005) ("*Lopez*"), the court held that fee counsel's work in preparing a motion for attorneys' fees and costs in a disability access case was unnecessary and duplicative, and therefore not compensable, because plaintiffs' counsel were highly experienced in civil rights litigation, and had previously dealt with fee motions.

The mid-five-figure attorneys' fees amount requested by Bristol Farms here displays the same padded and duplicative "tag team[]" billing practices found by the courts in *Arrieta-Colon* and *Lopez* as unreasonable and unawardable. Here, the total amount of legal work expended by Bristol Farms in this action, is comprised of the filing of two motions to dismiss Witt's complaint. The first Motion to Dismiss Witt's Original Complaint filed September 24, 2021 (ECF No. 12), was 16 pages long (the Memorandum in support being 10 pages). The second Motion to Dismiss Witt's Amended Complaint filed April 18, 2022 (ECF No. 29) was 8 pages long, containing little new or additional authority or argument vis-à-vis Bristol Farms' first Motion to

Dismiss Witt's Original Complaint. For Bristol Farms to now request over 90 hours of attorneys' fees, among four different attorneys totaling 76 years of legal experience between them – is well beyond unreasonable, it shocks the conscience. Bristol Farms' claims for attorneys' fees should be denied outright for this reason alone. At a minimum, the fees requested in the Motion should be reduced substantially in line with the standards set forth by judicial precedent. *Arrieta-Colon, supra,* 422 F.Supp.2d at 331; *Lopez, supra*, 385 F.Supp.2d at 981.

## IV.   CONCLUSION

For the reasons set forth above, Bristol Farms' Motion should be denied in its entirety. Alternatively, plaintiff requests that the amount of attorneys' fees requested in the Motion be reduced to a reasonable amount.

Respectfully submitted on August 1, 2022.

BARNES LAW

/s/ Robert E. Barnes
Robert E. Barnes, Esq.,
Attorneys for Plaintiff Salima Witt.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SALIMA WITT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BRISTOL FARMS, et al.,<br><br>　　　　　Defendant(s).<br>_____ | **Case No.: 3:21-cv-00411-BAS-AGS**<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, Robert Holzinger, am a citizen of the United States and am at least 18 years of age. My business address is 700 South Flower Street, Suite 1000, Los Angeles, California 90017.

I am not a party to the above titled action. I have caused service of: **"PLAINTIFF'S OPPOSITION TO DEFENDANT BRISTOL FARMS' MOTION FOR ATTORNEYS' FEES UNDER 42 U.S.C. § 12205**" on the following party(ies) by filing with the Clerk of the Court using the CM/ECF system, and that a courtesy copy was forwarded to the following attorney(s) of record by Electronic Notification:

Thomas M. Peabody
Patrick S. Ludeman
PEABODY & BUCCINI LLP
527 Encinitas Blvd., Suite 100
Encinitas, CA 92024
Email: tpeabody@pbllplaw.com
Email: pludeman@pbllplaw.com
Attorneys for Defendant Regents of the University of California

///

Kimberely M. Talley
Steven B. Katz
Joanna E. Macmillan
CONSTANGY, BROOKS, SMITH & PROPHETE LLP
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
Email: ktalley@constangy.com
Email: skatz@constangy.com
Email: jmacmillan@constangy.com
Attorneys for Defendant Bristol Farms

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 1, 2022.

/s/ Robert Holzinger