1
2
3
4
5
6
7
8    **UNITED STATES DISTRICT COURT**
9    **SOUTHERN DISTRICT OF CALIFORNIA**
10
11   SALIMA WITT,                          Case No. 21-cv-00411-BAS-AGS
12                        Plaintiff,       **ORDER DENYING MOTION FOR**
13        v.                               **ATTORNEYS' FEES (ECF No. 34)**
14   BRISTOL FARMS,
15                        Defendant.
16

17       Pending before the Court is Defendant Bristol Farms' motion for attorneys' fees
18   under 42 U.S.C. § 12205 ("Fee Application"). (Fee App., ECF No. 34.)  Plaintiff Salima
19   Witt opposes the motion (Opp'n, ECF No. 42) and Defendant replies (Reply, ECF No. 43).
20   For the following reasons, Defendant's Fee Application is **DENIED**.

21   **I.    BACKGROUND[1]**

22       Defendant owns and operates a grocery store chain with locations throughout
23   California, including a store in the City of Encinitas ("Lazy Acres Encinitas") that Plaintiff
24   purportedly frequented.  (Compl. ¶ 4, ECF No. 1.)  On May 26, 2020, Plaintiff entered
25   Lazy Acres Encinitas without a face covering despite Defendant's policy in effect on the
26
27   _____
28       [1] This Court previously has expounded upon the factual background of this matter in several orders
     with which the parties' familiarity is presumed.  (*See* ECF No. 15, 27, 32.)

specified date, which required that "all customers . . . wear face coverings when entering any Lazy Acres store."  (*Id.* ¶¶ 10, 13.)

As Plaintiff stood in line to check out at the cash register, a store manager directed her to exit the establishment immediately for her noncompliance with Defendant's face covering policy. (Compl. ¶ 11.)  In response, Plaintiff explained she suffered from several respiratory disabilities, namely cancer and asthma, which "caused her breathing to be obstructed upon wearing a face mask." (*Id.* ¶ 12.)  For that reason, she told the manager, she could not comply with Defendant's policy. (*Id.* ¶ 12.)  The manager requested that Plaintiff provide written verification corroborating Plaintiff's purported disabilities. (*Id.*)  When Plaintiff failed to do so, the manager escorted her off the premises. (*Id.*)

Plaintiff commenced the instant action on March 8, 2021, alleging that Defendant's face covering policy failed to reasonably accommodate her respiratory disabilities in violation of Title III of the Americans with Disabilities Act ("ADA"). (Compl. ¶¶ 20–28.)[2] On March 11, 2022, this Court dismissed the initial Complaint for failure to state a claim. (First Dismissal Order, ECF No. 27.)  In that Order, the Court recited the four essential elements that must be alleged to adequately plead a Title III claim:  that (1) the plaintiff is disabled within the meaning of the ADA; (2) the defendant "owns, leases, or operates a place of public accommodation"; (3) the defendant employed a "discriminatory policy or practice"; and (4) the defendant discriminated against the plaintiff based upon their disability by "(a) failing to make a requested reasonable modification that was (b) necessary to accommodate the plaintiff's disability." (*Id.* at 5 (quoting *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.2d 1075,1082 (9th Cir. 2004).)  Applying that standard, the Court found the absence of allegations supporting the fourth element doomed Plaintiff's

---

[2] In the same Complaint, Plaintiff named as Defendants UC San Diego Health and University of California Health, who proceeded in this action as Regents of the University of California ("RUC Defendants").  Plaintiff's ADA claim against RUC Defendants arose out of a completely different set of facts than her claim against Defendant Bristol Farms.  As with Plaintiff's claim against Defendant Bristol Farms, the Court found Plaintiff's action against RUC Defendants to be deficient. (ECF No. 15.) However, the RUC Defendants do not seek attorneys' fees.

Title III claim:  the initial Complaint was devoid of facts explaining why her request to be exempted from Defendant's policy requiring face coverings was either "reasonable" or "necessary."[3]  (*Id.* at 5–8.)  Despite its finding that Plaintiff's Title III claim was factually deficient, "out of an abundance of caution," the Court granted Plaintiff an opportunity to amend her pleading.  (*Id.* at 9.)

Plaintiff filed an Amended Complaint on April 4, 2022.  (Am. Compl., ECF No. 28.) The Amended Complaint did not address the deficiency identified in the First Dismissal Order: that the initial Complaint lacked facts explaining "why [Plaintiff's disabilities] prevented her from complying with [Defendant's] policy requiring face coverings." (First Dismissal Order at 8.)    Rather, the Amended Complaint essentially alleged that Defendant's face covering policy was without exemption regardless of reason.  (Am. Compl. ¶ 11 ("[The store manager] further represented to Plaintiff that she would only be permitted to enter the store if she wore a face covering her nose and mouth, no exceptions[.]").)  Because Plaintiff could not explain why her disabilities prevented her from complying with Defendant's face covering policy despite having been provided a second opportunity to do so, the Court dismissed this action with prejudice.  (*See* Second Dismissal Order, ECF No. 32.)

Now, Defendant seeks $41,635 in attorneys' fees under the ADA.  (*See* Mot.) Defendant argues it is entitled to attorneys' fees because Plaintiff's action was frivolous. In support of this assertion, Defendant emphasizes that on two separate occasions this Court dismissed Plaintiff's Title III claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6) and likens the instant case to *Strojnik v. 1017 Coronado Inc.*, No. 19-CV-02210-BAS-MSB, 2021 WL 120899, at *1 (S.D. Cal. Jan. 13, 2021), a case in which this Court recently granted attorneys' fees pursuant to § 12205.  (Reply at 3; *see also* Mot. at 2–4.) To buttress its contention of frivolity, Defendant avers Plaintiff commenced this action in

---

[3] Notably, the Court found Plaintiff adequately alleged (i) that plaintiff has a disability and (ii) that defendant is a public accommodation—the first and second elements of her Title III claim.  It assumed, without deciding, that her allegations satisfied the third element, too. (First Dismissal Order 5.)

bad faith, citing statements she made in videos published to publicly accessible websites that contradict the allegations in her complaints that wearing a face covering posed a health risk given her disabilities.  (*See* Mot. at 4.)  Accordingly, for the second time, Defendant seeks to renew its request that the Court take judicial notice of those statements.  (*See* Def.'s First Req. for Judicial Not. ("First RJN") Nos. 14, 17, ECF No. 12-2; Def.'s Second Req. for Judicial Not. ("Second RJN") No. 18, ECF No. 14-1.)

Plaintiff retorts that Defendant wrongly seeks to equate dismissal of her action pursuant to Rule 12(b)(6) with its frivolity.  (Opp'n at 10-11.)[4]  Plaintiff argues that binding precedent dictates "dismissal of claims previously denied by the [C]ourt, is not in and of itself grounds for imposing discretionary attorney's fees."  (*Id.* at 11.)   Furthermore, Plaintiff contends that not only are her out-of-state statements made in publicly accessible internet videos inappropriate subjects for judicial notice, they also are not evidence of bad faith.  (*Id.* at 15.)  And even if they were, Plaintiff argues, the statements are insufficient to support allegations of bad faith or frivolity.  (*Id.* at 11–15.)  Finally, Plaintiff argues that assuming *arguendo* Defendant has established entitlement to attorneys' fees, the amount it seeks is "grossly exorbitant and unsupportable."  (*Id*. at 15–17.)

## II.   LEGAL STANDARD

Under 42 U.S.C. § 12205, a court may, in its discretion, award a party who prevails in a lawsuit filed under the ADA "a reasonable attorney's fee, including litigation expenses and costs."  However, under *Christianburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 418–19 (1978), "fees should be granted to a defendant in a civil rights action only upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation."  *Kohler v. Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1266 (9th Cir. 2015) (quoting *Summers v. A Teichert & Son*, 127 F.3d 1150, 1154 (9th Cir. 1997)); *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 432 (2016) (explaining that the purpose of awarding fees to a prevailing defendant is "to deter the bringing of lawsuits without foundation." (quoting

---

[4] Because Plaintiff's Opposition lacks pagination, the Court's citations to the Opposition refer to the pagination given to it by the Court's Public Access to Court Electronic Records ("PACER") system.

*Christianburg Garment Co. v. E.E.O.C.*, 578 U.S. 412, 420 (1978))).  The Ninth Circuit has opined repeatedly that district courts applying the *Christianburg* standard should be loath to award attorneys' fees under § 12205.  *See, e.g., Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1020 (9th Cir. 2015) ("We have held that civil defendants can be awarded fees under this statute [§ 12205] only in exceptional circumstances" (citing *Summers*, 127 F.3d at 1154)).

Frivolity only is sufficient to warrant the imposition of attorneys' fees under § 12205 where the prevailing party establishes the result of the action was obvious from the outset of litigation or "the arguments of error are wholly without merit."  *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) (quoting *McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir. 1981)); *see also Harris v. Maricopa Cty. Super. Ct.*, 631 F.3d 963, 971 (9th Cir. 2011) (instructing that the burden of establishing frivolity falls on the prevailing party).

## III.   ANALYSIS

Having obtained a dismissal with prejudice, Defendant is indisputably the "prevailing party" within the meaning of 42 U.S.C. § 12205.  *See P.N. v. Seattle Sch. Dist. No. 1,* 474 F.3d 1165, 1172 (9th Cir. 2007) ("[F]or a litigant to be a 'prevailing party' for the purpose of awarding attorneys' fees, [s]he must meet two criteria:  '[s]he must achieve a material alteration of the legal relationship of the parties,' and 'that alteration must be judicially sanctioned.'" (quoting *Carbonell v. I.N.S.*, 429 F.3d 894 (9th Cir. 2005) (internal quotation marks omitted))).  Therefore, Defendant's entitlement to attorneys' fees centers upon whether the current action was "frivolous, unreasonable, or groundless."  *See Christianburg*, 434 U.S. at 421.

Here, it appears Defendant asserts the Court should impose attorneys' fees because the instant action was frivolous.  (*See* Mot. at 2–3 (citing Fed. R. Civ. P. 11).)  In support of that contention, Defendant principally relies upon the fact that this Court twice dismissed Plaintiff's Title III claim for "failure to allege an essential element."  (*Id.* at 2 (citing First and Second Dismissal Orders).)  But the Supreme Court has made clear that "[t]he fact that

a plaintiff may ultimately lose h[er] case is not in itself a sufficient justification for the assessment of fees." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980).  Indeed, in *Hughes*, the Supreme Court rejected the notion that the frivolity standard under *Christianburg* is co-extensive with the Rule 12(b)(6) standard for failure-to-state-a-claim; it held, "[a]llegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, [frivolous,] 'groundless' or 'without foundation' as required by *Christianburg*." *Id.*; *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("[I]t is evident that the failure-to-state-a-claim standard of Rule 12(b)(6) and the frivolous standard . . . were devised to serve distinct goals, and that while the overlap between these two standards is considerable, it does not follow that a complaint which falls afoul of the former standard will invariably fall afoul of the latter."); *C.W. v. Capistrano Unified Sch. Dist.*, 784 F.3d 1237, 1248 (9th Cir. 2015) ("Dismissal under Rule 12(b)(6) is not the same as the standard for frivolousness [under § 12205 and *Christianburg*]" (citing *R.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1126 (9th Cir. 2011))); *accord Berry v. E.I. Dupont de Nemours & Co.*, 635 F.Supp. 262, 266 (D. Del. 1986).  Simply put, a prevailing party who relies upon the dismissal of the claims against it as the lone basis for the imposition of fees fails to establish frivolity under the *Christianburg* standard.

Consistent  with the Supreme Court precedent in *Christianburg* and *Hughes,* district courts in the Ninth Circuit analyze for the presence of at least four factors beyond the ultimate merits of a claim in determining whether a claim is frivolous, groundless, or without foundation, including:  "([1]) circumstances suggesting the action was initiated for the purpose of extracting a quick settlement, ([2]) prolific litigiousness, ([3]) boilerplate pleadings, and ([4]) continued pursuit of the action even in the face of its clear lack of merit" ("*Chapman* factors").  *Chapman v. Prismo Food Store*, No. 215CV02373SVWAGR, 2016 WL 11520381, at *4 (C.D. Cal. Sept. 1, 2016) (surveying the disposition of applications for attorneys' fees under § 12205 in the Ninth Circuit and listing the five relevant factors to which courts generally look in granting such motions); *Gretchko v. Calistoga Spa, Inc.*, No. 21-cv-6726-EMC, 2022 WL 1157480, at *3 (N.D.

- 6 -

Cal. Apr. 19, 2022) (applying *Chapman* factors and denying motion for attorneys' fees); *Hernandez v. Caliber Bodyworks LLC*, No. 21-cv-5836-EMC, 2022 WL 2132914, at *4 (N.D. Cal. June 14, 2022) (same).  Although "bad faith" is not required for a prevailing defendant to establish entitlement to attorneys' fees, a showing of bad faith also can support a determination of frivolity. *CRST Van Expedited, Inc.*, 578 U.S. at 432.

Defendant makes no particularized showing as to the presence of any *Chapman* factor.  Rather, Defendant rests its laurels on the argument that "[n]o principled distinction can be drawn" between this case and *Strojnik*, 2021 WL 120899, at *1.  (Reply at 3; *see also* Mot. at 2–4.)

*Strojnik* involved a plaintiff who had been deemed a vexatious ADA litigant both by this Court in a prior ADA action, *see Strojnik v. Torrey Pines Club Corp.*, No. 19-cv-00650-BAS-AHG (S.D. Cal.) ("*Torrey Pines*"), ECF No. 125, and by a trial court in the Northern District of California, *see Strojnik v. IA Lodging Napa First LLC*, No. 19-CV-3983-DMR, 2020 WL 2838814, at **7–13 (N.D. Cal. June 1, 2020).  Indeed, an examination of the *Strojnik* plaintiff's litigation history disclosed that he had filed thousands of formulaic, bare-bone ADA actions in federal courts in Arizona and California, most of which had been dismissed for lack of standing.  *See Strojnik*, 2021 WL 120899, at *3; *see also IA Lodging*, 2020 WL 2838814, at **7–13 (N.D. Cal. June 1, 2020) (analyzing 114 ADA cases filed by the *Strojnik* plaintiff in California and concluding that he should be declared a vexatious litigant for failing to attempt to cure his standing issues).  The pleading before this Court in *Strojnik* was one of 22 cookie-cutter ADA complaints contemporaneously filed in the Southern District of California against various hotels alleging accessibility barriers.  But in each case, Plaintiff's non-specific, boilerplate pleadings failed to allege he suffered from a disability within the meaning of the ADA, that he actually encountered the accessibility barriers complained of, and that there existed a connection between the purported barriers and his alleged disability.  *Strojnik*, 2021 WL 120899 at *3.

Following dismissal of the action, the *Strojnik* defendant moved for attorneys' fees under § 12205. *Strojnik*, 2021 WL 120899, at *3. The Court granted this application, finding the *Strojnik* plaintiff's conduct "clearly frivolous, unreasonable, and groundless." *Id.* at *4. In so deciding, the Court found significant the *Strojnik* plaintiff's lengthy history of filing meritless ADA lawsuits and the formulaic, bare-bones nature of his pleadings. On this latter point, the Court concluded that the "lack of specificity" the *Strojnik* plaintiff deployed in laying out his allegations was by design: it enabled him to feign his purported disability, to misrepresent that he encountered accessibility barriers on defendants' premises, and, thus, to extract early settlements against small-business defendants. *Id.* at **3–4.

A comparison of the two matters through the lens of the *Chapman* factors reveals that *Strojnik* is inapposite. The factors that this Court relied upon in *Strojnik* in granting fees under § 12205 are wholly absent from this case. Defendant does not contend Plaintiff is at fault for prolific litigiousness. Nor could it. In contrast to *Strojnik*, Plaintiff has filed a single ADA in the Southern District of California (where Plaintiff resides): the instant action. *See United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public records, which may include court records available through PACER."). Defendant does not point this Court's attention to additional ADA actions filed by Plaintiff in other judicial districts. And the record in this action certainly does not reflect Plaintiff deployed other vexatious or harassing tactics. Moreover, Defendant has made no showing of "circumstances suggesting the action was initiated for the purpose of extracting a quick settlement" or "boilerplate pleadings." *Chapman*, 2016 WL 11520381, at *4; *cf. Gretchko*, 2022 WL 1157489, at *3 ("Filing a complaint that asserted a weak legal theory that did not prevail does not establish that Plaintiffs' complaint was 'boilerplate' or that they filed the suit 'for the purpose of extracting a quick settlement.'").

Nor was Plaintiff's Title III claim clearly lacking in merit at the outset of litigation in the same way as in *Strojnik*. Indeed, this Court found that Plaintiff had adequately

alleged she is disabled in light of her cancer and asthma diagnoses.  (*See* First Dismissal Order at 5.)  The Court had—and still has—no reason to disbelieve those allegations.  In contrast, the *Strojnik* plaintiff quite clearly feigned an ambulatory disability.  *Strojnik*, 2021 WL 120899 at *3.  The defendant in *Strojnik* submitted to this Court surveillance footage ostensibly showing the plaintiff walking around various hotels without ambulatory or wheelchair assistance.  *Id.* at *1.  Furthermore, in yet another ADA case involving the *Strojnik* plaintiff before this Court, an Independent Medical Examination concluded the plaintiff "ambulates relatively well with a very slight limp and has erect posture."  *Id.*, at *1 (quoting *Torrey Pines Club Corp.*, No. 19-cv-00650-BAS-AHG (S.D. Cal.), ECF No. 17-2).  In this regard, too, the instant action is not on nearly the same plane as *Strojnik* in a *Christianburg* sense.

The lone particularized argument Defendant makes that bears upon the *Chapman* factors is its assertion Plaintiff commenced this lawsuit in bad faith.  In support of that argument, Defendant asks the Court to take judicial notice of statements made by Plaintiff in videos published to the websites "YouTube" and "Cure Today," which purportedly "contradict her allegation that she was unable to wear a mask" in compliance with Defendant's store policy.  (First RJN at 6.)  Specifically, Defendant points to three such statements, for which it seeks judicial notice.[5]  Put differently, Defendant requests that Court take judicial notice of Plaintiff's purportedly contradictory statements made in videos on publicly accessible websites for the truth of the matter therein:  that she has worn face coverings to her doctor visits during the COVID-19 pandemic.  And to infer from the veracity of those statements that Plaintiff misrepresented in her Court filings that her disability caused her breathing to be obstructed upon wearing a face covering.

---

[5] Although Defendant previously requested the Court to take judicial notice of these statements in connection with its motions to dismiss, the Court denied those requests as moot because the statements did not factor into the Court's decision.  (First Dismissal Order at 2 & n.2; Second Dismissal Order at 1 n.1.)

21cv411

The Court declines to take judicial notice of these statements because they are not properly subject to judicial notice.  A court may take judicial notice of ascertainable facts that are matters of public record so long as those facts are not "subject to reasonable dispute."  Fed. R. Evid. 201(b).  "The accuracy of a source of facts subject to judicial notice must traditionally be established by evidence[.]" *Strojnik v. Azul Hospitality Grp.*, No. 2:19-cv-1877-TLN-AC PS, 2019 WL 6467494, at *2 (E.D. Cal. Dec. 2, 2019) (citing *Compassion Over Killing v. F.D.A.*, 849 F.3d 849, 852 n.1 (9th Cir. 2017)).  Although courts may take judicial notice of "publicly accessible websites," like YouTube and Cure Today, they may do so only to establish "the existence of the website in the public realm"; it may not take judicial notice that the contents of the underlying medium posted to a website are true.  *Farrell v. Boeing Emps. Credit Union*, 761 F. App'x 682, 682 n.1 (9th Cir. 2019).  Because Defendant offers the videos for the truth of the matter asserted—that Plaintiff wore a face covering and gloves when visiting her physician during the COVID-19 pandemic—the Court declines Defendant's request for judicial notice.  *Azul Hospitality Grp.*, 2019 WL 6467494, at *3 (declining to take judicial notice of online videos offered for the truth of the matter asserted therein because "the question of disability is a fact subject to reasonable dispute").

Even if judicial notice were appropriate and, thus, taken, the statements identified by Defendant do not rise to the level of bad faith.  As an initial matter, the statements do not portray as stark a contradiction as Defendant suggests.  It can both be true that Plaintiff wore face coverings to her periodic cancer screenings with her physician *and* that her cancer and asthma make it difficult for her to breathe upon wearing a face covering.  Moreover, to the extent Defendant contends that Plaintiff here acted similarly to the *Strojnik* plaintiff, that analogy does not hold water.  The Court found in *Strojnik* that the plaintiff appeared to feign his ambulatory disability.  *Strojnik*, 2021 WL 120899, at *3.  By contrast, here, the Court found Plaintiff adequately alleged disability within the ADA.  Indeed, Defendant does not now contest those findings, and the statements proffered by

Defendant confirm Plaintiff had at least one of the disabilities alleged.  Again, this case and *Strojnik* are incomparable.

Accordingly, the Court finds Plaintiff's conduct was not sufficiently frivolous, groundless, or without foundation to warrant an award of attorneys' fees under § 12205. Because Defendant has failed to establish it is entitled to attorneys' fees, this Court need not analyze the appropriateness of the amount sought.

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Fee Application (ECF No. 34).

**IT IS SO ORDERED.**

DATED: October 7, 2022

Hon. Cynthia Bashant
United States District Judge

21cv411